IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 1602-02






LONDON GRIFFITH, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE COURT OF APPEALS


HARRIS COUNTY






 Price, J., delivered the opinion of the Court.


O P I N I O N 



 Texas Penal Code Section 12.42(c)(2) provides an enhanced punishment range for
repeat sex offenders. In the appellant's trial for sexual assault of a child, the State sought to
enhance his punishment with two prior convictions from 1980 under former Penal Code
Sections 21.02 (rape) (1) and 21.03 (aggravated rape), (2) even though those offenses are not
specifically enumerated in the statute. See Tex. Pen. Code §12.42(c)(2)(B)(i)-(iv). In this
case, we are called upon decide whether Penal Code Section 12.42(c)(2)(B) includes the
statutory predecessors to the offenses enumerated therein. We conclude that they do. 

BACKGROUND


 A Harris County jury convicted the appellant, London Griffith, of aggravated sexual
assault of a child. Tex. Penal Code § 22.021(a)(1)(B). During the punishment phase, the
State sought to enhance the appellant's sentence by offering evidence of the appellant's
prior convictions for attempted rape in Mississippi in 1962, rape in Texas in 1980, and
aggravated rape in Texas in 1980. The jury found the enhancement paragraphs for the
offenses committed in Texas to be true, and assessed punishment at life in prison pursuant
to Penal Code Section 12.42(c)(2). 

 On direct appeal, the Court of Appeals held that the evidence was legally sufficient
to support the appellant's conviction and that his Mississippi conviction for attempted rape
supported the imposition of the automatic life sentence under Section 12.42(c)(2). Griffith
v. State, No. 01-98-01050-CR, 2000 WL 1641122, at *1 (Tex. App.-Houston [1st Dist.]
Nov. 2, 2000) (not designated for publication). We reversed, holding that, because the jury
found the appellant's prior convictions in Texas to be true and did not find his prior
conviction for attempted rape in Mississippi to be true, the Mississippi conviction could
not support the jury's punishment of a life sentence. Griffith v. State, No. 496-01, slip op.
at 2 (Tex. Crim. App. Jan. 30, 2002) (not designated for publication). On remand, the Court
of Appeals held that an individual's prior convictions under the repealed Penal Code
Sections 21.02 (rape) and 21.03 (aggravated rape) can be considered when determining
whether that individual should be punished as a repeat or habitual felony offender under
Section 12.42(c)(2). Griffith v. State, 81 S.W.3d 510, 514 (Tex. App.-Houston [1st Dist.]
2002). The Court of Appeals reasoned that, although the repealed statutes are not
specifically enumerated in Section 12.42(c)(2)(B), application of the statute's literal
language would lead to an absurd result not intended by the legislature. Id. at 513. We
granted the appellant's petition for discretionary review to determine whether the Court of
Appeals erred in its interpretation of the statute. (3)

LEGAL BACKGROUND


 When we interpret a statute we seek to effectuate the collective intent or purpose of
the legislators who enacted the legislation. Boykin v. State, 818 S.W.2d 782, 785 (Tex.
Crim. App. 1991). Under our decision in Boykin, we must interpret an unambiguous statute
literally, unless doing so would lead to an absurd result that the legislature could not
possibly have intended. Ibid. If a literal reading of the statute leads to an absurd result, we
resort to extratextual factors to arrive at a sensible interpretation to effectuate the intent of
the legislature. Id. at 785-86; see Tex. Gov't. Code § 311.023 (1997). For example, if a
statute may be interpreted reasonably in two different ways, a court may consider the
consequences of differing interpretations in deciding which interpretation to adopt. Muniz
v. State, 851 S.W.2d 238, 244 (Tex. Crim. App. 1993). If one reasonable interpretation
yields absurd results while the other interpretation yields no such absurdities, the latter
interpretation is preferred. Ibid.

 The appellant committed the offense for which he was convicted in November 1997. 
At that time, Section 12.42(c)(2) provided:

 (2) A defendant shall be punished by imprisonment in the institutional
division for life if: 

 (A) the defendant is convicted of an offense: 

 (i) under Section 22.021 or 22.011, Penal Code
[aggravated sexual assault or sexual assault];

 (ii) under Section 20.04(a)(4), Penal Code
[aggravated kidnapping], if the defendant
committed the offense with the intent to violate
or abuse the victim sexually; or

 (iii) under Section 30.02, Penal Code, punishable
under Subsection (d) of that section [burglary of
a habitation], if the defendant committed the
offense with the intent to commit a felony
described by Subparagraph (i) or (ii) or a felony
under Section 21.11 or 22.011, Penal Code; and 

 (B) the defendant has been previously convicted of an offense:

 (i) under Section 43.25 or 43.26, Penal Code
[sexual performance by a child or possession of
promotion of child pornography]; 

 (ii) under Section 21.11, 22.011, 22.021, or
25.02, Penal Code [indecency with a child,
sexual assault, aggravated sexual assault or
prohibited sexual conduct];

 (iii) under Section 20.04(a)(4), Penal Code
[aggravated kidnaping], if the defendant
committed the offense with the intent to violate
or abuse the victim sexually; 

 (iv) under Section 30.02, Penal Code [burglary],
punishable under Subsection (d) of that section,
if the defendant committed the offense with the
intent to commit a felony described by
Subparagraph (ii) or (iii); or 

 (v) under the laws of another state containing
elements that are substantially similar to the
elements of an offense listed in Subparagraph (i),
(ii), (iii), or (iv). 


Act of May 23, 1997, 75th Leg., R.S., ch. 665, § 1, 1997 Tex. Gen. Laws 2247, 2247
(amending Tex. Penal Code § 12.42(c), since amended). If a defendant is convicted of one
of the sexual offenses listed in Section 12.42(c)(2)(A), the mandatory punishment is life in
prison if the defendant also has been convicted of or received deferred adjudication for one
of eight sex offenses enumerated is Section 12.42(c)(2)(B). In addition, a prior conviction
or deferred adjudication from another state triggers the mandatory life sentence if the
offense contains elements that are substantially similar to the above listed offenses. Tex.
Penal Code §12.42(c)(2)(B)(v).

 In this case, the appellant's prior convictions were for offenses under former Penal
Code Sections 21.02 (rape) and 21.03 (aggravated rape). The plain wording of the language
of Section 12.42(c)(2) does not explicitly include these offenses.

 The Court of Appeals held that application of the plain language of Section
12.42(c)(2) produces absurd results, and the Court proceeded to consider extratextual
factors to discern the intent of the legislature. Griffith, 81 S.W.3d at 513. The appellant
claims that the Court of Appeals had no basis for going beyond the plain meaning of the
statute because the literal language does not lead to an absurd result. 

 The literal language of Section 12.42(c)(2) is clear and straightforward: conviction
of one of four violent sexual offenses carries a mandatory punishment of confinement for
life if the defendant has previously been convicted of one of eight enumerated offenses, or
an offense from another state containing elements substantially similar to the enumerated
offenses. The statute also makes clear the legislature's intent to treat repeat sex offenders
more harshly than other repeat or habitual offenders. The statute effectively creates a two-strikes policy for repeat sex offenders in Texas. Compare Tex. Penal Code §12.42(c)(2),
with Tex. Penal Code §12.42(c)(1), (d).

 The literal language of the provision dictates that defendants convicted of a prior
rape or aggravated rape avoid an automatic life sentence simply because they committed the
crime when it was titled differently in the Penal Code. Griffith, 81 S.W.3d at 513. This
would lead to disparate treatment of repeat sex offenders. The plain language dictates that
prior convictions for "substantially similar" offenses from all forty-nine other states are
available for such enhancements, but the statute does not explicitly refer to the
enhancement for "substantially similar" offenses in Texas. Tex. Penal Code
§12.42(c)(2)(B)(v). Under the construction proposed by the appellant, prior convictions
for rape and aggravated rape from any other state could be used to enhance a later offense,
but prior convictions for rape and aggravated rape from Texas could not be used. Were we
to apply the plain language of the statute, a trial court could not impose on a repeat sex
offender, such as the appellant, a mandatory life sentence. We believe that such a reading is
contrary to the Legislature's intent, and we agree with the Court of Appeals that the plain
language of the statute produces an absurd result. Griffith, 81 S.W.3d at 514-15.

 The appellant makes three arguments in support of his claim that the Court of
Appeals erred in going beyond the literal text of the statute. First, he argues that the
repealed statutes for rape and aggravated rape are no longer the law in Texas and that there
are crucial differences between the rape and sexual assault statutes. Second, he argues that
the repealed statutes are not listed as precursors of the automatic life provision under
Section 12.42(c)(2). Third, he argues that there is no catch-all provision of 12.42(c)(2)
that would permit former state sexual offense statutes to trigger the automatic life
provision. The appellant concludes that these arguments indicate that the legislature did not
intend for repealed sex offenses to trigger the mandatory life provisions of the statute. We
will address each argument in turn.

 First, we disagree with the appellant's argument that the Legislature could not have
intended for convictions for rape and aggravated rape to be used for enhancement purposes
because the statutes were repealed. As the discussion below shows, the sections in the
Penal Code dealing with sexual assault and aggravated sexual assault and their predecessors
have been amended quite often. These amendments reflect increased awareness of the true
nature of sexual assault as a violent criminal offense. 

 As enacted in 1973, the rape statutes prohibited conduct that is now prohibited by
the sexual assault and aggravated sexual assault statutes. These statutes were included in
Chapter 21, which contained what is labeled sexual offenses. In 1973, this chapter included
rape, aggravated rape, sexual abuse, aggravated sexual abuse, rape of a child, and sexual
abuse of a child, all of which are currently included within Sections 22.011 (sexual assault)
and 22.021. The chapter also included, and still includes, such offenses as public lewdness
(Section 21.07) and indecent exposure (Section 21.08).

 The Legislature began a series of amendments to the sexual offense statutes in
response to this Court's decision in Rucker v. State, 599 S.W.2d 581 (Tex. Crim. App.
1979). In that case, this Court held that an attacker who beat his victim after he raped her
did not commit an aggravated rape because there was no evidence that a threat of serious
bodily injury or death had been used to compel her submission. Rucker, 599 S.W.2d at
582. By 1983, the Legislature had made substantial changes to the rape statutes. First, it
combined sexual abuse and rape into one statute, and both were treated uniformly. Act of
May 29, 1983, 68th Leg., R.S., ch. 977, § 3, 1983 Tex. Gen. Laws 5311-5321. The same
was done with the aggravated rape and aggravated sexual abuse statutes. Ibid. The titles of
the statutes were changed to sexual assault and aggravated sexual assault, and moved to
Chapter 22 with the other assaultive offenses. Ibid. The nature of the threats used to
compel submission was amended to permit conviction if the defendant either used force to
compel the victim to submit or threatened to use force or violence against the victim and
the victim believed the defendant had the present ability to carry out the threat. Ibid. Other
changes include making the language gender neutral and extending the period of limitations
from three to five years. Ibid.

 The Penal Code sections for sexual assault and aggravated sexual assault encompass
the conduct previously included in the rape and aggravated rape statutes. As the Court of
Appeals noted, a defendant committed an offense under former Section 21.02 if he had
sexual intercourse with a woman who was not his wife without her consent. (4) This conduct
is now prohibited under current Section 22.011. The same is true for aggravated rape and
aggravated sexual assault. When the legislature amended those statutes it expanded, rather
than contracted, the scope of illegal conduct. An individual guilty of rape under former
Section 21.02 would also be guilty of sexual assault under Section 22.011. And, the
former offenses of rape and aggravated rape are the statutory precursors to sexual assault
and aggravated sexual assault. In light of the statutory history of the relevant statutes, the
appellant's argument that there are crucial differences between the rape and sexual assault
statutes is unpersuasive. 

 The appellant also argues that the lack of a catch-all provision indicates a legislative
intent not to include the statutory precursors. This argument would have more weight were
it not for subsection 12.42(c)(2)(B)(v), which provides for a mandatory life sentence if the
prior convictions are for offenses under the laws of another state with elements that are
substantially similar to the elements of the offenses listed in (B)(i)-(iv). Tex. Penal Code
§12.42(c)(2)(B)(v). This subsection does not restrict the application to out-of-state
convictions to those that occurred after the 1983 statutory change; a defendant's
punishment may be enhanced based on an out-of-state rape conviction that occurred before
the enactment of the sexual assault and aggravated sexual assault statutes. This
demonstrates that, despite the absence of a catch-all provision, the legislature intended to
hold defendants liable for their behavior even though that behavior was not formally labeled
as sexual assault and aggravated sexual assault. 

 In 1997 the legislature amended and relocated the habitual sex offender provisions it
had enacted in 1995. The 1997 amendments introduced a "two strikes" measure that
eliminated the need for a third felony conviction before a defendant was subject to an
automatic life sentence. House Comm. on Criminal Jurisprudence Bill Analysis, Tex. S.B.
46, 75th Leg., R.S. (May 22, 1997). They provided that persons convicted of specified sex
crimes be sentenced to life in prison if they had previously been convicted of one of the
enumerated sex offenses. Ibid. The object of the provision was to strengthen Texas's sex-offender laws by creating a two-strikes provision for sex offenders-it gets sex offenders
off the streets and away from potential victims for a longer period of time. Given the
laundry-list of offenses in the statute, it is clear that the legislature intended all prior
convictions for such crimes to be available to enhance the punishment for a subsequent
offense of the same type to life imprisonment. Ibid. The 1997 amendments also added the
provision including sex crimes from other states.

 We interpret Section 12.42(c)(2)(B)(i)-(iv) to include the statutory predecessors to
those offenses enumerated therein. Consequently, the appellant also has not been denied
his constitutional rights to the effective assistance of counsel or due process of law.

 We affirm the judgment of the Court of Appeals.


Delivered: October 1, 2003.

Publish.

1. Act of May 24, 1973, 63d Leg., R.S., ch. 399, § 21.02, sec. 1, 1973 Tex. Gen. Laws 883,
916, amended by Act of May 8, 1975, 64th Leg., R.S., ch. 203, § 1, 1975 Tex. Gen. Laws 476, 476
(rape; former Tex. Penal Code § 21.02, since repealed).
2. Act of May 12, 1981, 67th Leg., R.S., ch. 202, § 1, 1981 Tex. Gen. Laws 471, 471; Act of
Apr. 21, 1981, 67th Leg., R.S., ch. 96, § 1, 1981 Tex. Gen. Laws 203, 203 (aggravated rape; former
Tex. Penal Code § 21.03(a), since repealed).
3. The exact grounds on which we granted review are: 


 (1) The Court of Appeals erred in holding that an automatic life sentence could be
supported by enhancement paragraphs citing violations of repealed Texas statutes not
listed in the Penal Code section authorizing such an automatic life sentence.


 (2) The Court below erred in ruling that petitioner received the effective assistance of
counsel when trial counsel failed to object to an illegal jury charge.


 (3) Petitioner was denied due process of law.
4. Act of May 24, 1973, 63d Leg., R.S., ch. 399, § 21.02, sec. 1, 1973 Tex. Gen. Laws 883,
916, amended by Act of May 8, 1975, 64th Leg., R.S., ch. 203, § 1, 1975 Tex. Gen. Laws 476, 476
(rape; former Tex. Penal Code § 21.02, since repealed).