Lamar v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-513-CR

BRUCE WILLIAM LAMAR APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

A jury found Appellant Bruce William Lamar guilty of six counts of aggravated sexual assault and of four counts of indecency with a child.
(footnote: 2)  During the punishment phase, the trial court found that the enhancement paragraph—alleging Lamar had previously been convicted of rape in 1977—was true.  The trial court determined that this conviction for rape brought Lamar under section 12.42(c)(2) of the Penal Code, which provides for a mandatory life sentence for certain types of repeat sexual offenders.  
Tex. Penal Code Ann.
 § 12.42(c)(2) (Vernon 2003).  The trial court therefore sentenced Lamar to life imprisonment for each of six counts of aggravated sexual assault, to life imprisonment for three of the four counts of indecency, and to twenty years’ imprisonment on the remaining count of indecency.  In two points, Lamar contends that:  (1) Texas Penal Code section 12.42(c)(2) is unconstitutional in that it constitutes cruel and unusual punishment under the Eighth Amendment to the United States Constitution, violates his due process protections, and violates the ex post facto provisions of the United States Constitution and the Texas Constitution, and (2) the mandatory punishment provisions of Texas Penal Code section 12.42(c)(2) do not apply to him because his prior conviction, which the trial court relied upon for enhancement purposes, was not for an offense listed in the statute.  We will affirm.

II.  Factual and Procedural Background

Lamar does not challenge the legal or factual sufficiency of the evidence to support his conviction, so we only briefly recite the facts here.  In April 2001, C.S. told her grandmother, Deanie Scott, that Lamar, Scott’s live-in boyfriend of fifteen years, had shown C.S. pornographic videos and made her do things that were on the videos. Eight-year-old C.S. explained that Lamar had been sexually assaulting her since she was in pre-kindergarten.  Scott realized that Lamar had watched C.S. and her brother on Saturdays when Scott was at work and recalled that C.S. had often appeared stressed when she came with Lamar to pick up Scott from work.  After confronting Lamar, Scott took C.S. to the police.

Subsequently, C.S. was interviewed on videotape by a CPS worker and was interviewed and examined by a sexual assault nurse examiner.  C.S. told the same story that she had previously told Scott.  Lamar was arrested and 
Mirandized.  
He subsequently hand-wrote a confession stating that he had touched C.S. more than one time and that she had touched him two or more times on his penis.  He denied ever putting his penis in C.S.’s mouth, as she contended, but he admitting touching C.S. where he should not have.

At trial, Lamar testified that he never inappropriately touched C.S. and that he was dizzy and incoherent from failing to take his blood pressure and diabetes medication when he wrote the confession at the police station.

III.  Constitutional Challenges and Mandatory Life Sentence

In his first point, Lamar contends that Texas Penal Code section 12.42(c)(2) is unconstitutional in that it constitutes cruel and unusual punishment under the Eighth Amendment to the United States Constitution, violates his due process protections, and violates the ex post facto provisions of the United States Constitution and the Texas Constitution. The State responds that section 12.42(c)(2) is not unconstitutional under any of the theories that Lamar propounds.  We have previously decided each of these issues adversely to Lamar.  
See Moore v. State
, 54 S.W.3d 529, 540-46 (Tex. App.—Fort Worth 2001, pet. ref’d) (holding that a life sentence was not per se grossly disproportionate in violation of the Eighth Amendment; that section 12.42(c)(2) does not violate a defendants constitutional right to due process of law; and that section 12.42 did not constitute an unconstitutional ex post facto law).  Lamar has not distinguished his case from 
Moore
.  Our analyses and holdings in 
Moore
 are controlling in this case.  We
 overrule Lamar’s first point.

In his second point, Lamar argues that the mandatory punishment provisions of Texas Penal Code section 12.42(c)(2) should not have been applied to him because his prior conviction for rape is not one of the offenses listed under the statute.  The State responds that Lamar’s point has been recently decided adversely to him by the Texas Court of Criminal Appeals in 
Griffith v. State
, 116 S.W.3d 782, 784, 788 (Tex. Crim. App. 2003).  In 
Griffith
, the court of criminal appeals unequivocally held that the list of offenses expressly set forth under Texas Penal Code section 12.42(c)(2)(B) also includes the statutory predecessors to the offenses enumerated therein.  
Id.
 at 788.  As an intermediate appellate court, we are bound to follow the pronouncements of the court of criminal appeals.  
Taulung v. State
, 979 S.W.2d 854, 857 (Tex. App.—Waco 1998, no pet.)
.  
Consequently, applying the court of criminal appeals’ pronouncement in 
Griffith
, we hold that Lamar’s prior conviction for rape can be considered when determining whether he qualifies as a repeat offender under section 12.42(c)(2).
(footnote: 3)  
See
 
Tex. Penal Code Ann.
 § 12.42(c)(2).  We overrule Lamar’s second point.

IV.  Conclusion

Having overruled each of Lamar’s points, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: WALKER and LIVINGSTON, JJ.; and SAM J. DAY, J. (Retired, Sitting by Assignment).

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: December 18, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
Lamar was charged with eight counts of aggravated sexual assault and four counts of indecency with a child, but at the close of the State’s case the trial court directed a verdict on no evidence grounds as to count nine, alleging that Lamar put his mouth on C.S.’s anus.

3:
The offense of “rape,” once located in section 21.02 of the Texas Penal Code, was repealed in 1983 as part of a restructuring of the code and replaced by the offenses of sexual assault and aggravated sexual assault, sections 22.011 and 22.021 respectively.  
Griffith
, 116 S.W.3d at 787.  These current Texas Penal Code sections for sexual assault and aggravated sexual assault encompass the conduct previously included in the rape and aggravated rape statutes; thus, the  former offenses of rape and aggravated rape are the statutory precursors to sexual assault and aggravated sexual assault, which are listed in section 12.42(c)(2).  
Id.