COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 
2-02-513-CR
 
BRUCE WILLIAM LAMAR                                                        APPELLANT 
 
V.
 
THE STATE OF TEXAS                                                                  STATE 
 
------------
 
FROM 
CRMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY 
 
------------
 
MEMORANDUM OPINION



 
------------
 
I. Introduction
 
        A jury found Appellant Bruce William Lamar guilty of six counts of 
aggravated sexual assault and of four counts of indecency with a child. 
 

 During 
the punishment phase, the trial court found that the enhancement 
paragraph—alleging Lamar had previously been convicted of rape in 1977—was 
true. The trial court determined that this conviction for rape brought Lamar 
under section 12.42(c)(2) of the Penal Code, which provides for a mandatory 
life sentence for certain types of repeat sexual offenders. Tex. Penal Code Ann. 
§ 12.42(c)(2) (Vernon 2003). The trial court therefore sentenced Lamar to life 
imprisonment for each of six counts of aggravated sexual assault, to life 
imprisonment for three of the four counts of indecency, and to twenty years’ 
imprisonment on the remaining count of indecency. In two points, Lamar 
contends that: (1) Texas Penal Code section 12.42(c)(2) is unconstitutional in 
that it constitutes cruel and unusual punishment under the Eighth Amendment 
to the United States Constitution, violates his due process protections, and 
violates the ex post facto provisions of the United States Constitution and the 
Texas Constitution, and (2) the mandatory punishment provisions of Texas 
Penal Code section 12.42(c)(2) do not apply to him because his prior 
conviction, which the trial court relied upon for enhancement purposes, was not 
for an offense listed in the statute. We will affirm. 
II. Factual and Procedural Background
        Lamar does not challenge the legal or factual sufficiency of the evidence 
to support his conviction, so we only briefly recite the facts here. In April 
2001, C.S. told her grandmother, Deanie Scott, that Lamar, Scott’s live-in 
boyfriend of fifteen years, had shown C.S. pornographic videos and made her 
do things that were on the videos. Eight-year-old C.S. explained that Lamar had 
been sexually assaulting her since she was in pre-kindergarten. Scott realized 
that Lamar had watched C.S. and her brother on Saturdays when Scott was at 
work and recalled that C.S. had often appeared stressed when she came with 
Lamar to pick up Scott from work. After confronting Lamar, Scott took C.S. 
to the police. 
        Subsequently, C.S. was interviewed on videotape by a CPS worker and 
was interviewed and examined by a sexual assault nurse examiner. C.S. told 
the same story that she had previously told Scott. Lamar was arrested and 
Mirandized. He subsequently hand-wrote a confession stating that he had 
touched C.S. more than one time and that she had touched him two or more 
times on his penis. He denied ever putting his penis in C.S.’s mouth, as she 
contended, but he admitting touching C.S. where he should not have. 
        At trial, Lamar testified that he never inappropriately touched C.S. and 
that he was dizzy and incoherent from failing to take his blood pressure and 
diabetes medication when he wrote the confession at the police station. 
III. Constitutional Challenges and Mandatory Life Sentence 
        In his first point, Lamar contends that Texas Penal Code section 
12.42(c)(2) is unconstitutional in that it constitutes cruel and unusual 
punishment under the Eighth Amendment to the United States Constitution, 
violates his due process protections, and violates the ex post facto provisions 
of the United States Constitution and the Texas Constitution. The State 
responds that section 12.42(c)(2) is not unconstitutional under any of the 
theories that Lamar propounds. We have previously decided each of these 
issues adversely to Lamar. See Moore v. State, 54 S.W.3d 529, 540-46 (Tex. 
App.—Fort Worth 2001, pet. ref’d) (holding that a life sentence was not per se 
grossly disproportionate in violation of the Eighth Amendment; that section 
12.42(c)(2) does not violate a defendants constitutional right to due process of 
law; and that section 12.42 did not constitute an unconstitutional ex post facto 
law). Lamar has not distinguished his case from Moore. Our analyses and 
holdings in Moore are controlling in this case. We overrule Lamar’s first point. 
        In his second point, Lamar argues that the mandatory punishment 
provisions of Texas Penal Code section 12.42(c)(2) should not have been 
applied to him because his prior conviction for rape is not one of the offenses 
listed under the statute. The State responds that Lamar’s point has been 
recently decided adversely to him by the Texas Court of Criminal Appeals in 
Griffith v. State, 116 S.W.3d 782, 784, 788 (Tex. Crim. App. 2003). In 
Griffith, the court of criminal appeals unequivocally held that the list of offenses 
expressly set forth under Texas Penal Code section 12.42(c)(2)(B) also includes 
the statutory predecessors to the offenses enumerated therein. Id. at 788. As 
an intermediate appellate court, we are bound to follow the pronouncements 
of the court of criminal appeals. Taulung v. State, 979 S.W.2d 854, 857 (Tex. 
App.—Waco 1998, no pet.). Consequently, applying the court of criminal 
appeals’ pronouncement in Griffith, we hold that Lamar’s prior conviction for 
rape can be considered when determining whether he qualifies as a repeat 
offender under section 12.42(c)(2). 
 

 See Tex. Penal Code Ann. § 12.42(c)(2). 
We overrule Lamar’s second point. 
IV. Conclusion
        Having overruled each of Lamar’s points, we affirm the trial court’s 
judgment.
                                                          PER CURIAM 
PANEL F:   WALKER and LIVINGSTON, JJ.; and SAM J. DAY, J. (Retired, 
Sitting by Assignment). 
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: December 18, 2003