IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. AP-74,985






GEORGE ALEXANDER ERVIN, Appellant


v.


THE STATE OF TEXAS





ON DIRECT APPEAL

FROM HARRIS COUNTY





 Keller, P.J., filed a dissenting opinion.


O P I N I O N




 The text of Texas Government Code §508.149(a) does not include statutory precursors in the
list of offenses labeled ineligible for mandatory supervision. Under Boykin v. State, appellate courts
are obligated to interpret a statute in accordance with the plain meaning of its language, unless the
language is ambiguous or the plain meaning leads to absurd results that the Legislature could not
possibly have intended. (1) 

 There is nothing ambiguous about the list that §508.149(a) provides: a number of offenses
referenced by degree, code, and section number. If the Legislature had wanted to include statutory
precursor offenses, it could have easily done so; it has done so in the past. (2) 

 And failing to include statutory precursors does not lead to absurd results that the Legislature
could not possibly have intended. The Court suggests that the Legislature probably did not mean
to exclude them, but that is not the same as saying the Legislature could not possibly have intended
such a result. It is often true that statutory changes are not applied to offenses committed before the
change, and even when a statute does encompass some offenses committed before its effective date,
it is not irrational or absurd to suppose that the Legislature may have wanted to exclude earlier
codifications of the offense from the newer scheme. In regard to enhancement allegations we have
just recently said, "There is nothing absurd about a statutory interpretation which results in certain
prior convictions being available for enhancement and others not being available." (3) And so it is with
precursor offenses. 

 In Griffith v. State, we did construe an enhancement statute to encompass certain statutory
precursor offenses that were not listed in the text. (4) But that statute did contain a "catch-all"
provision that broadly covered "similar" prior offenses committed in other states, necessarily
encompassing both the current and prior versions of offenses committed in other states. (5) 
Consequently, failing to interpret the enhancement provision to encompass Texas statutory
precursors would have produced the absurd result of including statutory precursors from every state
but our own. (6) The mandatory supervision statute at issue in this case, however, includes no catch-all
provision regarding out-of-state offenses. (7)

 I am unwilling to read into the statute something that is plainly not there. I respectfully
dissent.

 Keller, Presiding Judge

Date filed: April 6, 2005

Publish 
1. 818 S.W.2d 782,785 (Tex. Crim. App. 1981).
2. See Tex. Pen. Code, §49.09(c)(1)(C)-(E).
3. Getts v. State, NO. PD-0093-04, 2005 Tex. Crim. App. LEXIS 109 (January 26, 2005).
4. Griffith v. State, 116 S.W.3d 782, 788 (Tex. Crim. App. 2003)(the defendant's
"argument would have more weight were it not for" other language in the statute).
5. Id.
6. Id.
7. §508.149(a).