IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-74,985






EX PARTE GEORGE ALEXANDER ERVIN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM HARRIS COUNTY






 Price, J., delivered the opinion of the Court, in which Womack, Johnson,
Keasler, Hervey, Holcomb, and Cochran, JJ., joined. Meyers, J., did not
participate. Keller, P.J., filed a dissenting opinion.


O P I N I O N




 We filed and set this application for a writ of habeas corpus to determine whether
the applicant was improperly denied release to mandatory supervision. We deny relief
because we conclude that the applicant's prior conviction for sexual abuse precludes
mandatory supervision release because it is a predecessor to an offense enumerated in
Government Code Section 508.149(a).

I. Facts


 The applicant pleaded guilty to delivery of a controlled substance and pleaded true
to an enhancement paragraph alleging a prior conviction for sexual abuse of a child. (1) The
trial court sentenced him to five years' imprisonment. His conviction was affirmed on
direct appeal. (2) 

 In June 2002, the Board of Pardons and Paroles voted to release the applicant on
mandatory supervision because computer records showed that he was eligible for release. 
His file was audited in July 2002, and officials at the Texas Department of Criminal
Justice discovered that the applicant was ineligible for mandatory supervision release
because of his prior conviction for sexual abuse of a child. As a result in February 2003,
the Board voted to withdraw its prior vote. The Board concluded that this prior
conviction made the applicant ineligible for mandatory supervision release.

 The applicant claims that the Board of Pardons and Paroles is improperly denying
him release to mandatory supervision. He argues that his prior offense, sexual abuse of a
child, is not one that is listed among the offenses that prohibit release to mandatory
supervision. The applicant committed his prior offense in December 1979. At that time,
the offense was called sexual abuse of a child and was found in former Penal Code
Section 21.09.

 Texas Government Code Section 508.149 (a) does not list sexual abuse of a child
as an offense that precludes mandatory supervision release. It does preclude such release
if, among other reasons, an inmate has been previously convicted of a second degree
felony under Penal Code Section 22.011 (sexual assault). (3) 

 The legislature repealed Penal Code Section 21.09 in 1983. The repeal was part of
a larger act to move assaultive sexual offenses from the Sexual Offenses Chapter of the
Penal Code to the Assaultive Offenses Chapter. (4) In the same act that repealed Section
21.09, the legislature enacted new Penal Code Sections 22.011 (sexual assault) and
22.021 (aggravated sexual assault) and defined those offenses to include the conduct
formerly prohibited by Section 21.09 and the other provisions that were repealed. (5)

 We must determine whether Government Code Section 508.149 (a) can be read to
include former Penal Code Section 21.09.

II. Analysis


 When we interpret a statute, we try to give effect to the collective intent or purpose
of the legislature. (6) We interpret a statute according to the literal meaning of the words in
the statute, unless doing so would lead to an absurd result that the legislature could not
have intended. (7) If the literal meaning of the words in the statute produce absurd results,
we resort to extratextual factors to arrive at a sensible interpretation of the statute and
bring about the legislature's intent. (8)

 The literal meaning of the words in Government Code Section 508.149(a) do not
include former statutes such as sexual abuse of a child, rape of a child, rape, or
aggravated rape. Also, there is no explicit catch-all provision that would include all prior
versions of the offenses listed in Section 508.149.

 If we were to apply the literal meaning of the words in Section 508.149, conduct
committed on the day before the effective date of the repealed sexual offense statutes
would make an inmate eligible for mandatory supervision release. But, the same conduct
committed just a day later would render the inmate ineligible for mandatory supervision
release. It sometimes happens that defendants are sentenced to more or less severe
punishment for the same conduct based on the date on which the offense is committed. 
But in this context, we cannot believe that the legislature intended to produce these
results. The legislature has demonstrated, over time, an increasing interest in making
inmates who have committed serious crimes in the past ineligible for mandatory
supervision release.

 When mandatory supervision release was first enacted in 1977, any inmate, aside
from one who was serving a life sentence or had been sentenced to death, was eligible for
mandatory supervision release. (9) In 1987, the legislature amended the mandatory
supervision release provision, former Code of Criminal Procedure Article 42.18, Section
8(c), to make certain inmates ineligible for release. These inmates were those who were
then serving sentences for serious crimes, including sexual assault and aggravated sexual
assault. (10)

 In 1995, the legislature went further and made ineligible those inmates who had
ever been convicted of one of the enumerated offenses. (11) Specifically, the bill analysis
for House Bill 1433 of the 74th Regular Legislative Session, which amended Article
42.18, Section 8(c), supports the conclusion that the legislature intended to include all
prior serious offenses. The changes were intended to

 Amend[] Section 8(c), Article 42.18, Code of Criminal Procedure, to
prevent those previously convicted of crimes ineligible for mandatory
supervision from eligibility for any future conviction, regardless of the
current offense. (12)

This demonstrates an intent to make all inmates who have prior convictions for serious
offenses ineligible for mandatory supervision release.

 The legislature could not have reasonably intended to make inmates convicted
under the predecessors of sexual assault eligible for mandatory supervision release but not
those who were convicted under the current statutory scheme. We hold that Section
508.149(c) includes the predecessors to the enumerated offenses that currently make an
inmate ineligible for mandatory supervision release. Inmates who have been convicted of
a predecessor to one of the enumerated offenses are ineligible for mandatory supervision
release.

 Therefore, the applicant is not eligible for mandatory supervision release because
he has been previously convicted of a second degree predecessor of Penal Code Section
22.011 (sexual assault) and because Government Code Section 508.149(a) precludes from
release inmates who have been convicted of such an offense or its predecessors. Relief is
denied.


Delivered: April 6, 2005.

Publish.
1. Former Tex. Pen. Code § 21.10. Acts 1973, 63d Leg., R.S., ch. 399, § 1, 1973 Tex.
Gen. Laws 883, repealed by Act of May 29, 1983, 68th Leg., R.S., ch. 977, § 12, 1983 Tex.
Gen. Laws 5321 (prohibiting deviate sexual conduct with a child).
2. Ervin v. State, 125 S.W.3d 542 (Tex. App.--Houston [1st Dist.] 2002).
3. Tex. Gov't Code § 508.149(a)(6).
4. See Griffith v. State, 116 S.W.3d 782, 787-88 (Tex. Crim. App. 2003).
5. Act of May 29, 1983, 68th Leg., R.S., ch. 977, § 3, 1983 Tex. Gen. Laws 5312, 5315;
Griffith v. State, 116 S.W.3d 782, 787 (Tex. Crim. App. 2003).
6. Boykin v. State, 818 S.W.2d 782, 785 (Tex. Crim. App. 1981).
7. Id., at 785.
8. Id., at 785-86.
9. Act of May 30, 1977, 65th Leg., R.S., ch. 347, § 1, 1977 Tex. Gen. Laws 925, 927-28. 
See Ex parte Retzlaff, 135 S.W.3d 45, 48 (Tex. Crim. App. 2004).
10. Act of May 23, 1987, 70th Leg., R.S., ch. 1101, § 7, 1987 Tex. Gen. Laws 3754.
11. Act of May 29, 1995, 74th Leg. R.S., ch. 263, § 1, 1995 Tex. Gen. Laws 2592 (now
codified in Tex. Gov't Code § 508.149(a))
12. House Comm. on Corrections, Bill Analysis, Tex. H.B. 1433, § 1, 75th Leg., R.S.
(1995).