IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,104






EX PARTE RANDALL LEE ROEMER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM WILLIAMSON COUNTY






 Meyers, J., delivered the opinion of the Court, in which Keller, P.J., and Price,
Womack, Keasler, Hervey, and Holcomb, JJ., joined. Keasler, J., filed a concurring
opinion, in which Hervey, J., joined. Cochran, J., filed a dissenting opinion. Johnson,
J., concurred in the result. 



O P I N I O N



 Applicant was indicted for the offense of Driving While Intoxicated. Following the
advice of his counsel, he stipulated to a prior offense and pled guilty. The prior
involuntary-manslaughter (1) conviction was used for enhancement purposes, and he was
sentenced to four years in the Texas Department of Criminal Justice - Correctional
Division. Applicant filed an application for a writ of habeas corpus alleging that his counsel
was ineffective for stipulating to a prior involuntary manslaughter conviction for the
purposes of enhancing his offense to a felony and, as a result, his sentence was illegal. We
filed and set the application and requested briefing on this issue and the issue of whether
Applicant is estopped from raising an illegal-sentence claim. 

ANALYSIS

 Applicant stipulated to a 1990 conviction for involuntary manslaughter, and this
conviction was used to enhance his offense to a felony. Texas Penal Code Section 49.09
governs the enhancement of intoxication offenses and states that:

 (a) Except as provided by Subsection (b), an offense under Section 49.04,
49.05, 49.06, or 49.065 is a Class A misdemeanor, with a minimum term of
confinement of 30 days, if it is shown on the trial of the offense that the
person has previously been convicted one time of an offense relating to the
operating of a motor vehicle while intoxicated, an offense of operating an
aircraft while intoxicated, an offense of operating a watercraft while
intoxicated, or an offense of operating or assembling an amusement ride
while intoxicated.


 (b) An offense under Section 49.04, 49.05, 49.06, or 49.065 is a felony of
the third degree if it is shown on the trial of the offense that the person has
previously been convicted:

 (1) one time of an offense under Section 49.08 [intoxication
manslaughter] or an offense under the laws of another state if the offense
contains elements that are substantially similar to the elements of an offense
under Section 49.08; or 

 (2) two times of any other offense relating to the operating of a
motor vehicle while intoxicated, operating an aircraft while intoxicated,
operating a watercraft while intoxicated, or operating or assembling an
amusement ride while intoxicated.


 (c) For the purposes of this section:

 (1) "Offense relating to the operating of a motor vehicle while
intoxicated" means:

 (A) an offense under Section 49.04 or 49.045;

 (B) an offense under Section 49.07 or 49.08, if the vehicle
operated was a motor vehicle;

 (C) an offense under Article 6701l-1, Revised Statutes, as that
law existed before September 1, 1994; 

 (D) an offense under Article 6701l-2, Revised Statutes, as that
law existed before January 1, 1984;

 (E) an offense under Section 19.05(a)(2), as that law existed
before September 1, 1994, if the vehicle operated was a
motor vehicle; or

 (F) an offense under the laws of another state that prohibit the
operation of a motor vehicle while intoxicated.

(emphasis added). Applicant's sentence was enhanced under Section 49.09(b)(1), which
increases an offense to a third-degree felony when the defendant has previously been
convicted of intoxication manslaughter. As stated above, Applicant's prior conviction was
not for intoxication manslaughter, but for involuntary manslaughter under former Penal
Code Section 19.05(a)(2). The only mention of the statute under which Applicant was
convicted in 1990 is in Section 49.09(c)(1)(E), which defines the term "offense relating to
the operating of a motor vehicle while intoxicated." This term is used in Section 49.09(a)
and is also used in Section 49.09(b)(2). However, the term is not used in Section
49.09(b)(1), under which Applicant's sentence was enhanced to a felony. Thus, there are
two situations in which Section 49.09 permits prior offenses relating to the operating of a
motor vehicle while intoxicated to be used for enhancement, and only one of those
situations applies in this case. First, a prior offense relating to the operating of a motor
vehicle while intoxicated may be used to raise an offense from a Class B misdemeanor to a
Class A misdemeanor under Section 49.09(a). Second, if a defendant has two prior
convictions for offenses relating to the operating of a motor vehicle while intoxicated, then
his current offense may be enhanced to a third-degree felony under Section 49.09(b)(2). 
Therefore, because Applicant has only one prior conviction for an offense relating to the
operating of a motor vehicle while intoxicated and does not have even a single conviction
for intoxication manslaughter, his sentence cannot properly be enhanced to a felony. 
Instead, Applicant's stipulation to a prior offense relating to the operating of a motor
vehicle while intoxicated should have only raised his offense from a Class B misdemeanor
with a minimum term of 72 hours (2) to a Class A misdemeanor with a minimum term of
confinement of 30 days under Section 49.09(a). Therefore, Applicant's current sentence is
illegal.

 Although the statute treats the former offense of involuntary manslaughter under
19.05(a)(2) and the current offense of intoxication manslaughter differently, the fact that
the legislature included the former offense under the definition of an "offense relating to
the operating of a motor vehicle while intoxicated" indicates that the legislature was aware
of the statute's distinct treatment of the offenses. Perhaps the legislature took out the
confusing 10-year rule (3) but left Section 49.09(b), which calls for different treatment of
offenses that occurred prior to September 1, 1994, in order to give less effect to offenses
from the distant past. While the issue in this case appears to be similar to the situation in
Griffith v. State, 116 S.W.3d 782 (Tex. Crim. App. 2003), the cases can be distinguished. 
In Griffith, the State sought to use prior offenses of rape and aggravated rape to enhance the
appellant's punishment for his current sexual-assault charge. We held that the State could
use the prior offenses for enhancement purposes although rape and aggravated rape were
not offenses listed in the enhancement statute. We interpreted the penal code section
regarding penalties for repeat and habitual felony offenders as including the statutory
predecessors of the offenses listed in the statute. The difference between these cases is
that the statute in Griffith does not even mention the offense of rape, while the statute in
the case before us refers to former Section 19.05(a)(2) involuntary manslaughter in the
definition section, and even directs us how to deal with that offense. When the legislature
specifically instructs us how to deal with an offense, we should give effect to each word
and follow their direction. If this differing treatment for similar offenses is not what the
legislature intended, then they can again alter the statute accordingly. 

 The State argues that Applicant is estopped from asserting a claim that his sentence
is illegal because he stipulated to the prior offense and pled guilty. However, estoppel does
not apply here because there is no invited error in this case. Invited error is when a party
asks for something, gets what they ask for, and then complains about it. Applicant simply
stipulated to a prior conviction that was erroneously used to enhance his sentence to a
felony when it should have been used only to enhance from a Class B misdemeanor to a
Class A misdemeanor. He did not ask for his stipulation to be used to enhance his sentence
to a level that is not allowed under the statute, which is what occurred in this case. He did
plead guilty to an offense of a higher classification than that for which he was eligible, but
this is not invited error. If a defendant was charged with criminally negligent homicide, but
was somehow induced by the State to plead guilty to manslaughter, then his sentence for a
second-degree felony would be illegal because he was charged with only a state-jail felony. 

 Similarly, in this case, Applicant was encouraged to plead guilty to felony DWI when
he was charged with only a Class A misdemeanor DWI. This is the basis for Applicant's
ineffective-assistance claim. Applicant's attorney states that he "intensively researched"
the issue of whether the prior conviction could be used to enhance the offense to a felony. 
He determined that the enhancement was proper based on an unpublished memorandum
opinion by the First District Court of Appeals, Louviere v. State, No. 01-02-00504-CR
(Tex. App.-Houston [1st Dist.] February 20, 2003) (not designated for publication), 2003
Tex. App. LEXIS 1583. On facts similar to Applicant's case, Louviere allowed the use of a
past involuntary-manslaughter conviction for enhancement purposes based on the
determination in Gowans v. State, 995 S.W.2d 787, 792 (Tex. App.-Houston [1st Dist.]
1999), that, although involuntary manslaughter under former Penal Code Section
19.05(a)(2) was modified into intoxication manslaughter, "the offense remained
substantively the same." However, the issue in Gowans was whether criminally negligent
homicide was a lesser-included offense of intoxication manslaughter. The court's
conclusion was simply that, when involuntary manslaughter under former Penal Code
Section 19.05(a)(2) was modified into intoxication manslaughter, the offense still did not
require proof of a culpable mental state for conviction. Rather than advise his client that
the enhancement was proper under Louviere, Applicant's attorney could have argued that
Louviere was incorrect because it not only mischaracterized Gowans' statement that the
offense remained substantively the same as the court's "holding," but also took the
statement totally out of context. However, because counsel's decision was based on
existing caselaw, it was not ineffective assistance for counsel to advise Applicant to accept
the plea.

CONCLUSION

 Although Applicant's attorney offered reasonable assistance, Applicant's prior
conviction for involuntary manslaughter was improperly used to enhance his sentence to a
felony, and thus Applicant is serving an illegal sentence. Relief is granted. 


 Meyers, J.


Delivered: February 28, 2007

Publish 
1. The initial indictment stated that Applicant had a prior conviction for intoxication manslaughter. 
The indictment was later corrected to say that the prior conviction was for involuntary manslaughter. 
2. See Penal Code Section 49.04(b). 
3. See former Section 49.09(e) (2001); Getts v. State, 155 S.W.3d 153 (Tex. Crim. App.
2005).