IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,104






EX PARTE RANDALL LEE ROEMER, Applicant






ON APPLICATION FOR WRIT OF HABEAS CORPUS


IN CAUSE NO. 03-396-K368


FROM THE 368
TH DISTRICT COURT OF WILLIAMSON COUNTY





 Cochran, J., filed a dissenting opinion.


O P I N I O N 



 I respectfully dissent because the result in this case should be controlled by our recent
unanimous decision in Griffith v. State. (1) Applicant's sentence is not illegal, and his trial
attorney was not ineffective for declining to object to enhancement with the 1990 "involuntary
manslaughter" conviction because that offense had been renamed in 1994 as "intoxication
manslaughter." Applicant's attorney accurately predicted this Court's decision in Griffith. A
rose by any other name is still a rose. Involuntary manslaughter under former section
19.05(a)(2) is exactly the same offense that is currently titled "intoxication manslaughter"
under section 49.08. (2) 

 In Griffith, this Court exercised common-sense and logic in concluding that just
because "rape" and "aggravated rape" had changed their names to "sexual assault" and
"aggravated sexual assault," the offenses themselves had not changed one whit. Thus, a prior
conviction for "rape" could be used for enhancement purposes under section 12.42(c)(2) "even
though those offenses are not specifically enumerated in the statute." (3) In Griffith, we
concluded that if the enhancement statute were read literally, the result would be an absurd one
that the legislature never could have intended. (4) We stated:

 The literal language of the provision dictates that defendants convicted
of a prior rape or aggravated rape avoid an automatic life sentence simply
because they committed the crime when it was titled differently in the Penal
Code. . . . This would lead to disparate treatment of repeat sex offenders. The
plain language dictates that prior convictions for "substantially similar" offenses
from all forty-nine other states are available for such enhancements, but the
statute does not explicitly refer to the enhancement for "substantially similar"
offenses in Texas. Under the construction proposed by the appellant, prior
convictions for rape and aggravated rape from any other state could be used to
enhance a later offense, but prior convictions for rape and aggravated rape from
Texas could not be used. (5)


Today, we fail to follow our own unanimous precedent and fail to distinguish it in any
meaningful way.

 If "rape" and "aggravated rape" are the same crimes as "sexual assault" and "aggravated
sexual assault," why is "involuntary manslaughter" under former section 19.05(a)(2) not the
same crime as "intoxication manslaughter" under section 49.08? A strict literal reading of
section 49.09, the enhancement provisions for intoxication offenses, would lead to exactly the
absurd results that this Court unanimously rejected in Griffith. The Court suggests that
because the Legislature did remember to mention the statutory predecessor of intoxication
manslaughter in one section of the DWI enhancement law, its omission in another section must
have been intentional. Therefore, according to the majority, this situation is different from that
in Griffith because the statutory predecessors of sexual assault and aggravated sexual assault
were not mentioned at all in the Griffith enhancement sections. Thus, complete forgetfulness
is forgivable, but partial forgetfulness is not. 

 Under section 49.09(b) a DWI offense is a felony of the third degree if the defendant
has previously been convicted "one time of an offense under Section 49.08 [intoxication
manslaughter] or an offense under the laws of another state if the offense contains elements
that are substantially similar to the elements of an offense under Section 49.08." (6) Thus, any
prior conviction from any other state for any offense which had substantially similar elements
to intoxication manslaughter under section 49.08 can be used to enhance an intoxication
offense under section 49.09. Such prior involuntary/intoxication manslaughter convictions
from Maine, California, or North Dakota may be used to enhance a Texas DWI, but, according
to the majority, the Legislature intentionally forbade the use of a Texas prior conviction for
involuntary manslaughter even though the elements are exactly the same as intoxication
manslaughter. We rejected this logic in Griffith, and we should reject it today. It leads to
absurd results which assume that the Texas Legislature intended a statute that discriminates
against its own prior laws.

 The incomparable Judge Learned Hand once admonished that statutes "should be
construed not as theorems of Euclid, but with some imagination of the purposes which lie
behind them." (7) Courts normally recognize that the purposes in drafting a statute control their
interpretation rather than the application of algebraic formulae. (8) Indeed, we recently reiterated
that the first command in statutory interpretation is to use common sense in divining the
evident purpose of the statute:

 When we interpret a statute, we try to give effect to the collective intent or
purpose of the legislature. We interpret a statute according to the literal
meaning of the words in the statute, unless doing so would lead to an absurd
result that the legislature could not have intended. If the literal meaning of the
words in the statute produce absurd results, we resort to extratextual factors to
arrive at a sensible interpretation of the statute and bring about the legislature's
intent. (9)


 In this case we suggest that maybe the Legislature intended to exclude musty old pre-1994 Texas involuntary manslaughter convictions from being used for enhancement purposes,
even though it did explicitly include musty old pre-1994 involuntary/intoxication manslaughter
convictions from any other state for enhancement purposes. I see nothing in the statute to
support this suggestion. (10) Alternatively, we rap the legislature's knuckles for its less-than-perfect draftsmanship with the schoolmarm's admonition to "alter the statute accordingly." (11) 
I think we should give greater deference to the statutory purpose and not make a fortress out
of the grammarian's correction book. 

 I conclude that applicant's DWI charge was properly enhanced with his 1990 involuntary
manslaughter conviction. He is not serving an illegal sentence.

 I therefore respectfully dissent.


Filed: February 28, 2007

Publish


 
1. 116 S.W.3d 782 (Tex. Crim. App. 2003) (concluding that the defendant's prior convictions
for "rape" and "aggravated rape," although not entitled "sexual assault" or "aggravated sexual assault"
were the predecessors of those offenses and statutorily indistinguishable except in name; holding that
those predecessor offenses are included in the enhancement provisions of Penal Code).
2. The elements of involuntary manslaughter under former section 19.05(a)(2) were:
"(a) A person commits an offense if he . . . by accident or mistake when operating a motor vehicle,
airplane, helicopter, or boat while intoxicated and, by reason of such
intoxication, causes the death of an individual."

 The elements of intoxication manslaughter under current section 49.08 are:

"(a) A person commits an offense if the person: (1) operates a motor vehicle in a public place,
operates an aircraft, a watercraft, or an amusement ride, or assembles a mobile amusement ride; and
(2) is intoxicated and by reason of that intoxication causes the death
of another by accident or mistake."
3. 116 S.W.3d at 784.
4. See, e.g., Ex parte Ervin, 187 S.W.3d 386, 388 (Tex. Crim. App. 2005) (noting that courts
do not apply the literal meaning of the words in a statute if the result would be absurd). 
5. Griffith, 116 S.W. 3d at 786.
6. Tex. Penal Code § 49.09(b).
7. Lehigh Valley Coal Co. v. Yensavage, 218 F. 547, 553 (2d Cir. 1914).
8. See, e.g., United States v. Brown, 333 U.S. 18, 25-26 (1948) ("The canon in favor of strict
construction is not an inexorable command to override common sense and evident statutory purpose.");
SEC v. C.M. Joiner Leasing Co., 320 U.S. 344, 350-51 (1943) (courts "construe the details of an
act in conformity with its dominant general purpose, will read text in the light of the context and will
interpret the text so far as the meaning of the words fairly permits so as to carry out in particular cases
the generally expressed legislative policy"); Fagot v. Flintkote Co., 305 F. Supp. 407, 411 (E.D. La.
1969) ("It is an axiom of statutory interpretation that the purpose of a law furnishes the best guide to its
application. It is no longer meet, . . . to attempt to construe a statute by the literal reading of its words,
as if the statute were a tape measure to set beside a length of cloth.").
9. Ex parte Ervin, 187 S.W.3d at 388 (footnote omitted).
10. Indeed, the explicit inclusion of former section 19.05(a)(2) as an "Offense relating to the
operation of a motor vehicle while intoxicated" under section 49.09(c)(1)(E) is an excellent indication
that the legislature did intend to include-and did in fact include- these pre-1994 Texas involuntary
manslaughter convictions in its felony enhancement scheme. The argument, apparently, is that the
legislature explicitly intended these pre-1994 involuntary manslaughter convictions to be used to
enhance a current DWI from a Class B misdemeanor to a Class A misdemeanor, but not to a third
degree felony as are post-1994 intoxication manslaughter or out-of-state pre- or post-involuntary
manslaughter convictions. 
11. Majority slip op. at 5.