Opinion issued October 17, 2008















In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00750-CR






GABRIEL LEMELL PRUDHOLM, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 228th District Court

Harris County, Texas

Trial Court Cause No. 1045916






DISSENTING OPINION

 I respectfully dissent from reversal of the judgment against appellant Gabriel
Lemell Prudholm in his sexual-assault-of-a-child case. (1) See Tex. Penal Code
Ann. § 22.011(a)(2)(C), (c)(1) (Vernon Supp. 2008) (sexual assault of a child). The
jury found the enhancement paragraph in the charge, based on appellant's previous
felony conviction in California for sexual battery, (2) to be true for purposes of 
assessing appellant's punishment for sexual assault of a child under the 2003 version
of Texas's habitual sexual offender statute, section 12.42(c) of the Texas Penal Code, (3)
and it accordingly assessed appellant's punishment at life in prison. The majority,
however, reverses appellant's life sentence for sexual assault of a child on the ground
that the California statute under which appellant was previously convicted was not
substantially similar to the Texas law under which appellant was convicted, as
required for enhancement of punishment in a sexual assault case by an out-of-state
conviction. I disagree and would affirm.

 With respect to his sexual-assault-of-a-child conviction and sentencing as an
habitual sexual offender, appellant alleges--and the majority agrees--that the trial
court erred in submitting an enhancement paragraph in the charge concerning the
California offense of sexual battery because Texas law permits enhancement only by
convictions for substantially similar offenses and the California offense is not
substantially similar to only one of the offenses (i.e., "an" offense) listed in section
12.42(c)(2)(B)(i), (ii), (iii), or (iv) of the 2003 version of the Penal Code. (4) 

 The majority opines that the elements of the California sexual battery offense
(Cal. Penal Code § 243.4 (West 2008) (forcing "an intimate part of another person
while that person is unlawfully restrained by the accused or an accomplice," against
the will of the person touched and for sexual arousal, gratification, or abuse) fall
within two of the offenses listed in section 12.42(c)(2)(B)--sexual assault (Tex.
Penal Code Ann. § 22.011(a)(1) (intentionally or knowingly causing the penetration
of the anus, or sexual organ, or mouth of another person without that person's consent
or causing the sexual organ of another to penetrate the mouth, anus, or sexual organ
of the actor and the person including the actor), listed in section 12.42(c)(2)(B)(ii)),
and aggravated kidnapping (Tex. Penal Code Ann. § 20.04(a)(4) (intentionally or
knowingly abducting another person with the intent, inter alia, to "violate or abuse
him sexually"), listed in section 12.42(c)(2)(B)(iii). Therefore, the enhancement
requirements are not satisfied. See 2003 Tex. Penal Code Ann. § 12.42(c)(2)(B).

 The majority points out that a conviction for sexual battery in California
requires that the defendant have "touche[d] an intimate part of another person while
that person is unlawfully restrained . . . against the will of the person touched and 
. . . for the purpose of sexual arousal," but that the California law does not include
penetration as an element. Cal. Penal Code § 243.4(a). The Texas sexual assault
statute requires, however, that the defendant "intentionally or knowingly" cause
penetration without consent, (5) while the Texas aggravated kidnapping statute, as used
for purposes of enhancement under section 12.42(c)(2)(B), requires that the defendant
have "intentionally or knowingly" abducted another person with the intent to "violate
or abuse him sexually." Tex. Penal Code Ann. § 20.04(a)(4). 

 The majority opines that "[t]he problem with the State's argument is that it
combines the elements from more than one of the offenses listed in 2003 Penal Code
section 12.42(c)(2) to create a substantial similarity between Texas and California
law." Prudholm v. State, 01-06-00749-CR & 01-06-00750-CR, slip op. at 9 (Tex.
App.--Houston [1st Dist.] Oct. 17, 2008, no pet. h.). Concluding that "[t]he plain
wording of 2003 Penal Code section 12.42(c)(2)(B)(v), however, requires that the
California statute contain elements that are substantially similar to the elements of an
offense listed in subparagraph (i), (ii), (iii), or (iv)," the majority holds that the trial
court erred in submitting the enhancement paragraph because the California sexual
battery statute contains "elements that are substantially similar to the elements of
multiple offense listed in subparagraph [12.42(c)(2)(B)] (i), (ii), (iii), or (iv)."

 The majority cites generally to Griffith v. State, 116 S.W.3d 782, 785 (Tex.
Crim. App. 2003) and Boykin v. State, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991)
for support, noting parenthetically that Texas law requires that "we review an
unambiguous statute literally, unless doing so would lead to [an] absurd result that
[the] legislature could not possibly have intended." Prudholm, No. 01-06-00749-CR
& 01-06-00750-CR, slip. op. at 9. I disagree both with the majority's conclusion and
with its contention that Griffith supports its interpretation of section 12.42(c)(2)(B).

 First, I see no significant distinction between the elements of sexual battery
under California law and aggravated kidnapping under Texas law. I would conclude,
therefore, that appellant's conviction under California law is directly parallel to a
conviction under Texas Penal Code section 22.04(a)(4), which is one of the offenses
listed in section 12.42(c)(2)(B). Second, to exclude a defendant's conviction under
an out-of-state law that parallels more than one Texas offense listed in section
12.42(c)(2)(B)(i)-(iv), rather than one and one only, is, to my mind, absurd and
contrary to the purpose of the statute. 

 In Griffith, relied upon by the majority, the Texas Court of Criminal Appeals
was faced with a similar circumstance in that the defendant's punishment was
enhanced pursuant to section 12.42(c)(2) with offenses that were not named in the
statute. The defendant argued that his sentence could not be enhanced by violations
of repealed Texas statutes that were not listed in section 12.42(c)(2). Griffith, 116
S.W.3d 782, 784 & n.3 (Tex. Crim. App. 2003). The court observed, "The literal
language of Section 12.42(c)(2) is clear and straightforward: conviction of one of
four violent sexual offenses carries a mandatory punishment of confinement for life
if the defendant has previously been convicted of one of eight enumerated offenses,
or an offense from another state containing elements substantially similar to the
enumerated offenses." Id. at 786. The court further pointed out, however, that "[t]he
statute also makes clear the legislature's intent to treat repeat sex offenders more
harshly than other repeat or habitual offenders," effectively creating "a two-strikes
policy for repeat sex offenders in Texas." Id. The court found the appellant's
proposed literal interpretation of section 12.42(c)(2) absurd--contrary to the spirit
of the majority's citation to Griffith--because "[t]he literal language of the provision
dictates that defendants convicted of a prior rape or aggravated rape avoid an
automatic life sentence simply because they committed the crime when it was titled
differently in the Penal Code." Id. The Court of Criminal Appeals held that such a
literal interpretation of the provision would lead to the disparate treatment of sexual
offenders. Id. Specifically, it held "[U]nder the construction proposed by the
appellant, prior convictions for rape and aggravated rape from any other state could
be used to enhance a later offense, but prior convictions for rape and aggravated rape
from Texas could not be used." Id. The court found such a reading to be "contrary
to the Legislature's intent" and to produce "an absurd result." Id. 

 In my view, reading the word "an" literally to exclude enhancement by a
defendant's prior conviction for an out-of-state crime that parallels the elements of
more than one Texas statute listed in section 12.42(c)(2)(B)--one of them a statute
whose elements directly parallel the out-of-state statute--has the same absurd result
of preventing the imposition of a mandatory life sentence on a repeat sex offender as
the suggested literal interpretation of section 12.42(c)(2)(B) in Griffith. See id. And,
as in Griffith, such a literal interpretation of the statute leads to the disparate treatment
of offenders convicted of offenses with substantially similar elements.

 I would affirm the judgment in appellant's sexual-assault-of-a-child case (trial
court cause number 1045916; appellate court cause number 01-06-00750-CR).





 Evelyn V. Keyes

 Justice


Panel consists of Justices Nuchia, Jennings, and Keyes.


Justice Keyes, dissenting.


Publish. Tex. R. App. P. 47.2(b).
1. Trial court case number 1045916; appellate court case number 01-06-00750-CR. I
join in the Court's opinion and judgment in the companion case, 01-06-00749-CR.
2. Cal. Penal Code § 243.4(a) (West 2008) 
3. Act of May 30, 2003, 78th Leg., R.S., ch. 1005, § 2, sec. 12.42(c)(2)(A)(i),
(B)(v), 2003 Tex. Gen. Laws 2944, 2944-45, amended by Act of May 15,
2007, 80th Leg., R.S., ch. 340, § 3, 2007 Tex. Gen. Laws 627, 628 and Act of
May 18, 2007, 80th Leg., R.S., ch. 593, § 1.15, 2007 Tex. Gen. Laws 1120,
1126 (hereinafter referred to as 2003 Tex. Penal Code Ann.) (current version
at Tex. Penal Code Ann. § 12.42(c)(2) (Vernon Supp. 2008) (sexual assault
of child; penalty with previous conviction of offense under laws of another
state containing elements that are substantially similar to elements of offense
listed in § 12.42(c)(2)(B)(i), (ii), (iii), or (iv)). 
4. See 2003 Tex. Penal Code Ann. § 12.42(c)(2)(B)(v) (mandating life imprisonment
if defendant has previously been convicted "under the laws of another state containing
elements that are substantially similar to the elements of an offense listed in
Subparagraph (i), (ii), (iii), or (iv)" of section 12.42(c)(2)(B)).
5. See Tex. Penal Code Ann. § 22.011(a)(1)