TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-03-00723-CR


NO. 03-04-00157-CR






Joe Lawrence Lutz, Appellant



&



Joseph Alfred Rome, Jr., Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NOS. 3020167 & 3020873, HONORABLE BOB PERKINS, JUDGE PRESIDING






O P I N I O N



In 1982, appellant Joe Lawrence Lutz was convicted of aggravated rape in Taylor
County. In 1983, appellant Joseph Alfred Rome, Jr., was convicted of aggravated sexual abuse of
a child in Denton County. In 2002, Lutz and Rome were indicted in Travis County for violating
requirements of the Texas Sex Offender Registration Program. After their pretrial motions to
dismiss were overruled, Lutz and Rome entered bargained pleas of guilty and were sentenced to
prison terms of six and three years, respectively. These companion appeals raise the question of
whether Lutz's conviction for aggravated rape and Rome's conviction for aggravated sexual abuse
of a child are reportable convictions subjecting them to the requirements of the registration program. 
A second question is whether the convictions were for sexually violent offenses as defined by the
program. We answer "yes" to both questions and affirm the convictions for failing to register.

The sex offender registration program requires a person having a reportable
conviction to register with his local law enforcement authority, periodically verify his registration,
and report any change of address. See Tex. Code Crim. Proc. Ann. arts. 62.051(a), (d), 62.055(a)
(West Supp. 2005) (formerly arts. 62.02(a), (d), 62.04(a)). (1) The term of the offender's obligation
to register and report, the frequency with which he must do so, and the punishment for a violation
of the registration program are determined in part by whether the offender's reportable conviction
was for a sexually violent offense. See id. arts. 62.058(a), 62.101(a), 62.102(b) (formerly arts.
62.06(a), 62.10(b), 62.12(a)). A reportable conviction is defined as a conviction for one of several
enumerated offenses. See id. art. 62.001(5) (formerly art. 62.01(5)). There is a similar list of
sexually violent offenses. See id. art. 62.001(6) (formerly art. 62.01(6)). Neither list expressly
includes either aggravated rape or aggravated sexual abuse of a child.

When interpreting a statute, we seek to effectuate the collective intent or purpose of
the legislature. Boykin v. State, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991). Ordinarily, we do
this by giving effect to the plain meaning of the statute's text. Id. We may consider extratextual
factors only if the statute is ambiguous or if the plain language of the statute would lead to absurd
results the legislature could not possibly have intended. Id. If a statute is subject to two reasonable
interpretations, we may consider the consequences of the alternative interpretations in deciding
which to adopt. Munoz v. State, 851 S.W.2d 238, 244 (Tex. Crim. App. 1993).

Lutz and Rome argue that the relevant statutes are unambiguous: aggravated rape and
aggravated sexual abuse of a child are plainly not named as reportable, sexually violent offenses
subject to the sex offender registration program. The State responds that the definitions in question
should be read to include the statutory predecessors of the enumerated offenses, all of which are
current penal code offenses. Under the State's proposed reading of the statute, Lutz and Rome have
reportable convictions for sexually violent offenses because aggravated rape and aggravated sexual
abuse of a child are statutory predecessors of aggravated sexual assault, which is defined as a
reportable conviction and a sexually violent offense. Tex. Code Crim. Proc. Ann. art. 62.001(5)(A),
(6)(A) (formerly art. 62.01(5)(A), (6)(A)). Anticipating the State's argument, Lutz and Rome draw
our attention to the statutes providing for civil commitment of sexually violent predators. See Tex.
Health & Safety Code Ann. §§ 841.001-.150 (West 2003 & Supp. 2005). There, the definition of
sexually violent offense includes not only current statutory offenses but also "an offense under prior
state law that contains elements substantially similar to the elements" of the listed statutes. Id.
§ 841.002(8)(F) (West Supp. 2005). Lutz and Rome argue that if the legislature had intended
persons convicted under prior statutes to be included within the scope of the sex offender registration
program, the program's definitions would have a similar provision.

Although article 62.001 does not expressly incorporate convictions for offenses under
prior state laws, it does state that a reportable conviction means "a conviction under the laws of
another state, federal law, the laws of a foreign country, or the Uniform Code of Military Justice for
an offense containing elements that are substantially similar to the elements" of an enumerated
offense. Tex. Code Crim. Proc. Ann. art. 62.001(5)(J) (formerly art. 62.01(5)(J)). Similarly, an
offense "under the laws of another state, federal law, the laws of a foreign country, or the Uniform
Code of Military Justice" is a sexually violent offense "if the offense contains elements that are
substantially similar to the elements" of an enumerated sexually violent offense. Id. art.
62.001(6)(E) (formerly art. 62.01(6)(E)). Under the reading of the statutes advocated by Lutz and
Rome, a person with a conviction in another jurisdiction for an offense substantially similar to an
offense enumerated in article 62.011(5) or (6) would be subject to the requirements of the sex
offender registration program, but a person with a Texas conviction for a substantially similar, or
even identical, offense that has since been renamed would not be subject to the program.

In 1983, the rape and sexual abuse offenses previously found in chapter 21 of the
penal code were consolidated, renamed sexual assault and aggravated sexual assault, and moved to
chapter 22. See Act of May 29, 1983, 68th Leg., R.S., ch. 977, §§ 3 & 12, 1983 Tex. Gen. Laws
5311, 5312-15, 5321. In 1997, the legislature expanded the sex offender registration program to
include persons having reportable convictions occurring on or after September 1, 1970. See Tex.
Code Crim. Proc. Ann. art. 62.002(a) (formerly art. 62.11(a)). Under Lutz's and Rome's reading of
the statutes, persons who committed sexual assaults prior to 1983 are exempt from this expansion
of the program because the offenses were then called rape or sexual abuse.

The statutory construction issue before us is analogous to those raised in two recent
court of criminal appeals opinions. In Griffith v. State, 116 S.W.3d 782 (Tex. Crim. App. 2003), the
court construed penal code section 12.42(c)(2), which creates an enhanced punishment for certain
repeat sex offenders. See Tex. Pen. Code Ann. § 12.42(c)(2) (West Supp. 2005). Under the statute,
a person convicted of a sex offense listed in section 12.42(c)(2)(A) shall be punished by life
imprisonment if he has previously been convicted for a sex offense listed in section 12.42(c)(2)(B). 
Following his conviction for a section 12.42(c)(2)(A) offense, Griffith was sentenced to life on the
basis of his previous convictions for rape and aggravated rape. Griffith, 116 S.W.3d at 784. Griffith
urged that this was unlawful because neither rape nor aggravated rape is listed as an enhancing
offense in section 12.42(c)(2)(B). Id.

The court of criminal appeals responded to this argument by pointing out that rape
and aggravated rape are statutory predecessors to the offenses of sexual assault and aggravated
sexual assault, which are enhancing offenses under section 12.42(c)(2)(B). Id. at 787; Tex. Pen.
Code Ann. § 12.42(c)(2)(B)(ii). The court also noted that convictions "under the laws of another
state containing elements that are substantially similar to" the offenses enumerated in
section 12.42(c)(2)(B) are also enhancing offenses. Griffith, 116 S.W.3d at 786; Tex. Pen. Code
Ann. § 12.42(c)(2)(B)(v). The court held that it was absurd to conclude that a sex offender with a
previous conviction in another state for an offense substantially similar to sexual assault would be
subject to enhanced punishment, but a sex offender with a previous rape conviction in Texas would
avoid enhanced punishment simply because he committed his earlier crime at a time when it was not
called sexual assault. Griffith, 116 S.W.3d at 786. The court held that section 12.42(c)(2)(B) should
be read to include the statutory predecessors to the enumerated offenses. Id. at 788.

The issue in Ex parte Ervin, No. AP-74,985, 2005 Tex. Crim. App. LEXIS 518 (Tex.
Crim. App. Apr. 6, 2005), was the proper interpretation of the government code provision denying
mandatory supervision to inmates with previous convictions for certain enumerated offenses,
including sexual assault. Tex. Gov't Code Ann. § 508.149(a) (West 2004). Ervin was denied
mandatory supervision because he had a previous conviction for sexual abuse of a child. Ervin, at
*2. He challenged this denial on the ground that sexual abuse of a child is not a disqualifying
offense under section 508.149(a). Id. The court of criminal appeals concluded that the legislature
could not have reasonably intended to deny mandatory supervision for inmates with sexual assault
convictions but allow mandatory supervision for inmates convicted under predecessor statutes. Id.,
at *7. The court held that section 508.149(a) should be read to include the statutory predecessors
to the enumerated offenses and that Ervin was ineligible for mandatory supervision. Id. at *8.

In light of the opinions in Griffith and Ervin, and considering the purposes of the sex
offender registration program, we conclude that there is no rational basis for exempting from its
coverage a person who committed a sex offense substantially similar to one designated as reportable
solely because the offense was committed in Texas and had a different name at the time it was
committed. We therefore agree with the State that article 62.001(5) and (6) should be read to include
the statutory predecessors of the enumerated offenses.

Two other courts of appeals have concluded that the sex offender registration program
applies to persons convicted of predecessor offenses. In Turner v. State, 101 S.W.3d 750, 758-59
(Tex. App.--Houston [1st Dist.] 2003, pet. ref'd), the court held that sodomy under former penal
code article 524 was a sexually violent offense. In Reyes v. State, 119 S.W.3d 844, 847-48 (Tex.
App.--San Antonio 2003, no pet.), the court held that a conviction for rape of a child was a
reportable conviction. 

Lutz and Rome also argue that the punishment provisions of the sex offender
registration program are unconstitutionally vague. This contention was not made in the trial court. 
Even constitutional issues may be waived by failing to raise them at trial. Briggs v. State, 789
S.W.2d 918, 924 (Tex. Crim. App. 1990). We also note that this contention was raised and rejected
in Reyes. Id. at 844.

We hold that Lutz's 1982 conviction for aggravated rape and Rome's 1983 conviction
for aggravated sexual abuse of a child were reportable convictions for sexually violent offenses and
overrule their points of error to the contrary. The judgments of conviction for violating the sex
offender registration program are affirmed.



 __________________________________________

 David Puryear, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: January 19, 2006

Publish

1. Chapter 62 of the code of criminal procedure, the Texas Sex Offender Registration Program,
was reenacted and amended effective September 1, 2005. See Act of May 8, 2005, 79th Leg., R.S.
ch. 1008, § 1.01, 2005 Tex. Gen. Laws 3385. None of the amendments are pertinent to these
appeals. We will cite the current statutes and, in parentheses, note the corresponding former article
numbers.