**London GRIFFITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 01–98–01050–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 1, 2002.

Roland Brice Moore, III, Houston, for Appellant.

Calvin Hartmann, Assistant District Attorney, Houston, for the State.

Panel consists of Justices MIRABAL, TAFT, and PRICE.*

## OPINION

FRANK C. PRICE, Justice (Assigned).

A jury convicted appellant, London Griffith, of aggravated sexual assault of a child.[1] The jury found two enhancement paragraphs to be true and assessed punishment at life imprisonment.[2] On remand from the Court of Criminal Appeals, we must determine whether appellant's prior convictions for rape and aggravated rape can be used to enhance his sentence. We affirm.

## Facts

On November 17, 1997, A.W., a minor, left school, went to the bus stop, and waited for the bus which would take her home. Appellant drove up and asked A.W. if she needed a ride home. When A.W. said she did not need a ride, appellant pointed a gun at her and told her to get into his Jeep Cherokee. Appellant and A.W. began to drive around, and he asked her if she had ever had sex. A.W. told appellant she had not. Appellant eventually parked the Jeep, ordered A.W. to get in the back of the Jeep, and sexually assaulted her. Appellant left A.W. in front of a library near her home and gave her $10 to not tell anyone about the assault.

A.W. walked home and told her grandmother she had been sexually assaulted. A.W.'s grandmother took her to the hospital, where a medical examination confirmed she had been sexually assaulted.

A.W. picked appellant's picture out of a photo array and identified appellant at trial.

At the punishment phase of trial, the State offered into evidence appellant's prior convictions, including convictions for attempted rape in Mississippi in 1962, rape in Texas in 1980, and aggravated rape in Texas in 1980. The jury found the enhancement paragraphs for the offenses committed in Texas to be true.

## Procedural History

On original submission, appellant asserted five points of error. Specifically, he argued (1) the evidence was legally insufficient to support his conviction, (2) the automatic sentence of life-imprisonment under the habitual-offender provision of Penal Code section 12.42(c) did not apply to his case, (3) he suffered egregious harm when the jury charge allowed for the imposition of a life sentence under section 12.42, (4) his attorney was ineffective for failing to object to the jury charge, and (5) he was denied due process of law under the United States[3] and Texas[4] constitutions because of the submitted charge. We held the evidence was legally sufficient to support appellant's conviction. *Griffith v. State*, No. 01–98–01050–CR, 2000 WL 1641122, at *1 (Tex.App.—Houston [1st Dist.] Nov. 2, 2000), *rev'd*, No. 496–01, slip op. at 2 (Tex.Crim.App. Jan. 30, 2002). We also held that appellant's Mississippi conviction for attempted rape supported the imposition of the automatic life sentence under section 12.42(c). *Id.* at *2. Because we found the Mississip-

---

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. *See* Tex. Penal Code Ann. §§ 22.021(a)(1)(B)(i)-(iv), (a)(2)(A)(iv) (Vernon Supp.2002).

2. *See* Tex. Penal Code Ann. § 12.42(c) (Vernon Supp.2002) (providing for penalty for repeat and habitual offenders).

3. U.S. Const. amend. V, XIV.

4. Tex. Const. art. I, §§ 15, 19.

pi conviction supported the automatic life sentence, we did not consider whether the two prior convictions in Texas required a life sentence under section 12.42(c).

The Court of Criminal Appeals held that, because the jury found appellant's prior convictions in Texas to be true and did not find his prior conviction for attempted rape in Mississippi to be true, the Mississippi conviction could not support the jury's punishment at life confinement. *Griffith*, No. 496–01, slip op. at 2. On remand, we determine whether appellant's previous convictions in Texas support his sentence of confinement for life. *Id.* at 3.

### Discussion[5]

In his second point of error, appellant claims his sentence was illegal because the former offenses of rape and aggravated rape, under which he was previously convicted, are not among the offenses which require an automatic life sentence under section 12.42(c). Because we must decide the applicability of former section 12.42(c) to this case, the relevant portions of the 1997 act adopting that section are set forth below:

(c)(1)· *Except as provided by Subdivision (2), if* [If] *it is shown on the trial of a first-degree felony that the defendant has been once before convicted of a felony, on conviction he shall be punished by imprisonment in the institutional division of the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 15 years. In addition to imprisonment, an individual may be punished by a fine not to exceed $10,000.*

(2) *A defendant shall be punished by imprisonment in the institutional division for life if:*

(A) *the defendant is convicted of an offense:*

(i) *under Section 22.021 or 22.011, Penal Code [aggravated sexual assault or sexual assault];*

(ii) under Section 20.04(a)(4), Penal Code [aggravated kidnapping], if the defendant committed the offense with the intent to violate or abuse the victim sexually; or

(iii) under Section 30.02, Penal Code, punishable under Subsection (d) of that section [burglary of a habitation], if the defendant committed the offense with the intent to commit a felony described by Subparagraph (i) or (ii) or a felony under Section 21.11 or 22.011, Penal Code; *and*

(B) *the defendant has been previously convicted of an offense:*

(i) under Section 43.25 or 43.26, Penal Code [sexual performance by a child or possession of promotion of child pornography];

(ii) *under Section 21.11, 22.011, 22.021, or 25.02, Penal Code [indecency with a child, sexual assault, aggravated sexual assault or prohibited sexual conduct];*

(iii) under Section 20.04(a)(4), Penal Code [aggravated kidnapping], if the defendant committed the offense with the intent to violate or abuse the victim sexually;

(iv) under Section 30.02, Penal Code [burglary], punishable under Subsection (d) of that section, if the defendant committed the offense with the intent to commit a felony described by Subparagraph (ii) or (iii); or

---

5. When we originally considered appellant's first point of error, we held the evidence was legally sufficient to support his conviction. The Court of Criminal Appeals did not address this argument, and we do not do so again.

(v) under the laws of another state containing elements that are substantially similar to the elements of an offense listed in Subparagraph (i), (ii), (iii), or (iv).

Act of May 23, 1997, 75th Leg., R.S., ch. 665, § 1, 1997 Tex. Gen. Laws 2247, 2247 (amending former TEX. PENAL CODE ANN. § 12.42(c), since amended) (emphasis added). Appellant argues that his two previous Texas convictions were under former Penal Code sections 21.02 (rape) and 21.03 (aggravated rape), which are not specifically enumerated in former sections 12.42(c)(2)(B)(i)-(iv). *See* Act of May 24, 1973, 63d Leg., R.S., ch. 399, § 21.02, sec. 1, 1973 Tex. Gen. Laws 883, 916, *amended by* Act of May 8, 1975, 64th Leg., R.S., ch. 203, § 1, 1975 Tex. Gen. Laws 476, 476 (rape; former TEX. PENAL CODE ANN. § 21.02, since repealed); Act of May 12, 1981, 67th Leg., R.S., ch. 202, § 1, 1981 Tex. Gen. Laws 471, 471 *and* Act of Apr. 21, 1981, 67th Leg., R.S., ch. 96, § 1, 1981 Tex. Gen. Laws 203, 203 (aggravated rape; former TEX. PENAL CODE ANN. § 21.03(a), since repealed).

Appellant further argues, by analogy, that, because courts have considered rape and sexual assault to be distinct offenses when applying their respective statutes of limitations, we should find the offenses to be distinct for purposes of enhancement under section 12.42(c). In support of his argument, appellant cites *Beaird v. State,* 772 S.W.2d 116, 117 (Tex.Crim.App.1989) and *Gallardo v. State,* 768 S.W.2d 875, 877 (Tex.App.—San Antonio 1989, pet. ref'd). In both cases, the Court of Criminal Appeals and the San Antonio Court of Appeals held that the longer statute of limitations for sexual assault could not be used to prosecute a defendant for rape after the statute of limitation for rape had expired. *Beaird,* 772 S.W.2d at 117; *Gallardo,* 768 S.W.2d at 877. Appellant's case does not involve a dispute over the application of the proper statute of limitations, and he provided no authority which indicates his prior convictions in Texas cannot be used as enhancements under section 12.42(c).

█ The State, in its original brief, argued that section 12.42 must be read to include the former offenses of rape and aggravated rape, or the application of the statute would lead to absurd results. "Where [a] statute is clear and unambiguous, the Legislature must be understood to mean what it has expressed, and it is not for the courts to add or subtract from such a statute." *Boykin v. State,* 818 S.W.2d 782, 785 (Tex.Crim.App.1991).

█ If "the application of the statute's plain language would lead to absurd consequences that the Legislature could not possibly have intended," we should not apply the language literally. *Id.* "When used in the proper manner, this narrow exception to the plain meaning rule does not intrude on the lawmaking powers of the legislative branch, but rather demonstrates respect for that branch, which we assume would not act in an absurd way." *Id.* Applying the statute as appellant suggests would lead to an "absurd result."

The offense of rape is the precursor to the present offense of sexual assault. *Ex parte Austin,* 746 S.W.2d 226, 236 (Tex. Crim.App.1988) (recognizing "old offenses of rape and aggravated rape were changed to sexual assault and aggravated sexual assault"). The Legislature redefined the offenses of rape and aggravated rape "as assaultive, revising the elements of, penalties for, and period of limitation applicable to the new offenses." *Gallardo,* 768 S.W.2d at 878.

The enactment of the sexual assault statute expanded and described with greater specificity the prohibited sexual conduct and eliminated the exclusion of

offenses committed against a defendant's wife. In most respects, however, the former offense of rape was incorporated into the offense of sexual assault. The former offense of rape provided: "[a] person commits an offense if he has sexual intercourse with a female not his wife without the female's consent." Act of May 24, 1973, 63d Leg., R.S., ch. 399, § 21.02, sec. 1, 1973 Tex. Gen. Laws 883, 916, *amended by* Act of May 8, 1975, 64th Leg., R.S., ch. 203, § 1, 1975 Tex. Gen. Laws 476, 476 (rape; former TEX. PENAL CODE ANN. § 21.02, since repealed). "Sexual intercourse" was defined under the former rape statute as "any penetration of the female sex organ by the male sex organ." *Id.* "Sexual assault," as defined in section 22.011 provides, in part, that a person commits an offense if the person "intentionally or knowingly causes the penetration of the anus or female sexual organ of another by any means, without that person's consent." TEX. PENAL CODE ANN. § 22.011 (Vernon Supp.2002).

Likewise, the former offense of aggravated rape was incorporated into the present offense of aggravated sexual assault. Aggravated rape included the rape of a female under age 17 and not the defendant's wife. Act of May 12, 1981, 67th Leg., R.S., ch. 202, § 1, 1981 Tex. Gen. Laws 471, 471 *and* Act of Apr. 21, 1981, 67th Leg., R.S., ch. 96, § 1, 1981 Tex. Gen. Laws 203, 203 (aggravated rape; former TEX. PENAL CODE ANN. § 21.03(a), since repealed). Aggravated sexual assault includes the assault of a person under age 14. TEX. PENAL CODE § 22.021(a)(2)(B). Appellant's "pen packet"[6] indicates the victim in his aggravated rape case was 14 years old. Under the current definition of aggravated sexual assault, one may commit the offense if he sexually assaults a person under 14 years old. The difference in the aggravated rape and aggravated sexual assault statutes would not affect appellant's status. Two rapes or sexual assaults allow for the enhancement under 12.42(c).

█ The similarities in the rape and sexual assault statutes are significant, particularly when considering section 12.42(c)(1) and (2)(B)(v), the section pertaining to repeat and habitual felony offenders. Section 12.42 provides for punishment enhancement for felony convictions in other states of crimes similar to sexual assault and aggravated sexual assault. TEX. PENAL CODE § 12.42. The statute shows the Legislature's intent to hold defendants liable for their behavior even though the behavior is not designated as sexual assault or aggravated sexual assault. Furthermore, because sections 12.42(c)(1) and (2)(B)(v) do not restrict the application to out-of-state convictions that occurred after the statutory change, a defendant's punishment may be enhanced based on an out-of-state rape conviction committed before the enactment of the sexual assault and aggravated sexual assault statutes.

Appellant argues that defendants convicted of rape or aggravated rape avoid the possibility of an automatic life sentence based solely on the fact that they committed the crime when it was defined differently in the Penal Code. We hold that, appellant's prior convictions for rape and aggravated rape can be considered when determining if he should be punished as a repeat or habitual felony offender under section 12.42(c).

---

**6.** A "pen packet" is a file containing information regarding a defendant's previous convictions and periods of incarceration.

We overrule appellant's second point of error.

In his third point of error, appellant argues that he suffered egregious harm because the trial court included an instruction in the charge requiring the jury to assess punishment at confinement for life if it found the enhancement paragraphs based on the Texas rape and aggravated rape convictions to be true. In his fourth point of error, appellant argues that his trial counsel was ineffective for failing·to object to the jury charge. Because we have already concluded that section 12.42(c) could be used to enhance appellant's sentence, a jury instruction to that effect was not error. Therefore, we need not address appellant's third and fourth points of error.

 In his fifth point of error, appellant argues that he was denied due process of law under the Fifth and Fourteenth Amendments to the United States Constitution[7] and Article I, sections 15 and 19 of the Texas Constitution.[8] He contends he was sentenced under a statute which was inapplicable to his circumstances. We have already addressed this argument in point of error two. He also contends that the application of 12.42(c) increased the range of punishment after the commission of the offense and that increased punishment violates constitutional prohibitions against ex post facto laws. We disagree. First, section 12.42(c) was enacted before appellant committed the aggravated sexual assault. Second, the habitual-offender statute previously allowed for a mandatory life sentence when a person was convicted of three felonies.[9]

We overrule appellant's fifth point of error.

## Conclusion

We affirm the judgment.

---

7.  U.S. Const. amends. V, XIV.

8.  Tex. Const. art. I, §§ 15, 19.

9.  Section 12.42 provides for an automatic life sentence if a defendant has previously been convicted for sexual assault or aggravated sexual assault under sections 22.02 and 22.03.

Tex. Penal Code §§ 22.02–22.03. In 1980, section 12.42 provided for a life sentence based on appellant's two prior felony convictions. See Act of May 24, 1973, 63rd Leg., R.S., ch. 399, § 12.42, sec. 1, 1973 Tex. Gen. Laws 883, 908.