Gabriel Lemell **PRUDHOLM,**
**Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 01–06–00749–CR, 01–06–00750–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 17, 2008.

Discretionary Review Refused
Feb. 11, 2009.

Discretionary Review Granted
March 18, 2009.

Nicole DeBorde, Houston, TX, for Appellant.

Carol M. Cameron, Assistant District Attorney, Charles A. Rosenthal, Jr., District Attorney–Harris County, Houston, TX, for Appellee.

Panel consists of Justices NUCHIA, JENNINGS, and KEYES.

## OPINION

SAM NUCHIA, Justice.

Appellant Gabriel Lemell Prudholm was convicted by a jury of compelling prostitution (trial court case number 1052194; appellate court case number 01–06–00749–CR) and sexual assault of a child (trial court case number 1045916; appellate court case number 01–06–00750–CR). *See* TEX. PENAL CODE ANN. § 22.011(a)(2)(C), (c)(1) (Vernon Supp.2008) (sexual assault of a child), § 43.05(a)(2), (b) (Vernon 2003) (compelling prostitution). In both cases, the jury found the enhancement paragraph for a previous felony conviction in California for sexual battery [1] to be true, and it assessed punishment at concurrent sentences of 99 years in prison for compelling prostitution [2] and life for sexual assault of a child.[3]

1. CAL.PENAL CODE § 243.4(a) (West 2008)

2. Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 1.01, sec. 12.42(b), 1993 Tex. Gen. Laws 3586, 3604, *amended by* Act of May 18, 2007, 80th Leg., R.S., ch. 593, § 1.14, 2007 Tex. Gen. Laws 1120, 1125 (compelling prostitution; penalty with previous felony conviction).

3. Act of May 30, 2003, 78th Leg., R.S., ch. 1005, § 2, sec. 12.42(c)(2)(A)(i), (B)(v), 2003 Tex. Gen. Laws 2944, 2944–45, *amended by* Act of May 15, 2007, 80th Leg., R.S., ch. 340, § 3, 2007 Tex. Gen. Laws 627, 628 *and* Act of May 18, 2007, 80th Leg., R.S., ch. 593, § 1.15, 2007 Tex. Gen. Laws 1120, 1126 (sexual assault of child; penalty with previous conviction of offense under laws of another state containing elements that are substantial-

With respect to the compelling-prostitution conviction, appellant brings two points of error, alleging improper punishment argument concerning the effect of parole and injecting personal opinion. With respect to the sexual-assault-of-a-child conviction, appellant brings three points of error, alleging charge error in submitting the enhancement paragraph and improper punishment argument concerning the effect of parole and injecting personal opinion. We affirm the compelling-prostitution conviction and reverse the sexual-assault-of-a-child conviction.

## Background

KB, the complainant, has lived with her grandmother, mother, aunts, and friends. Although a good student, KB had a difficult childhood. When KB was 14 and living with her aunt in Phoenix, Arizona, she took a bus by herself to the mall and got off at the wrong stop. A prostitute approached KB and took her to the apartment of a pimp, Jeremiah Crighton. Crighton gave KB alcohol and marihuana, took her to his home where he kept her for days without letting KB speak with her aunt, and allowed men to have sex with her. Crighton eventually took KB to California.

KB's aunt reported KB to the police as missing. Appellant, who was a partner with Crighton in the prostitution business, was contacted by the police about KB. Appellant called Crighton and told him to send KB back to Phoenix. Crighton did send her back, but later found KB in Phoenix, kidnapped her, and put her to work as a prostitute. KB eventually allowed appellant to be her pimp as she was upset with Crighton.

Appellant taught KB how to be a prostitute and decided how much money she had to make each night. When KB broke appellant's rules, appellant punished KB by, among other things, hitting her with a belt, beating her, burning her, and having sex with her. Appellant had sex with KB hundreds of times.

Special Agent Patrick Fransen of the Federal Bureau of Investigation noticed KB working the streets. Agent Fransen, who was assigned to the Innocence Lost National Initiative, attempted over a period of months to get KB to admit she was a minor and to assist her in getting out of prostitution. After several arrests and conversations, KB eventually admitted she was a minor, asked for help, and identified appellant as her pimp.

## Discussion

### Sexual-assault-of-a-child conviction

■ In point of error one of the sexual-assault-of-a-child conviction, appellant argues the trial court erred in submitting, over objection, an enhancement paragraph in the charge concerning the California offense of sexual battery. Appellant claims that the California offense is not substantially similar to the offenses listed in the 2003 version of Penal Code section 12.42(c)(2)(B)(i), (ii), (iii), or (iv) and, therefore, could not be used to trigger a mandatory life sentence. We must review the trial court's interpretation of the California and Texas statutes on a de novo basis. See *Kuhn v. State*, 45 S.W.3d 207, 209 (Tex.App.–Texarkana 2001, pet. ref'd).

The 2003 version of Penal Code § 12.42(c)(2) states:

(2) A defendant shall be punished by imprisonment in the institutional division for life if:

(A) the defendant is convicted of an offense:

ly similar to elements of offense listed in § 12.42(c)(2)(B)(i), (ii), (iii), or (iv)).

(i) under Section 22.021 or 22.011, Penal Code;

(ii) under Section 20.04(a)(4), Penal Code, if the defendant committed the offense with the intent to violate or abuse the victim sexually; or

(iii) under Section 30.02, Penal Code, punishable under Subsection (d) of that section, if the defendant committed the offense with the intent to commit a felony described by Subparagraph (i) or (ii) or a felony under Section 21.11 or 22.011, Penal Code; and

(B) *the defendant has been previously convicted of an offense:*

(i) under Section 43.25 or 43.26, Penal Code, or an offense under Section 43.23, Penal Code, punishable under Subsection (h) of that section;

(ii) under Section 21.11, 22.011, 22.021, or 25.02, Penal Code;

(iii) under Section 20.04(a)(4), Penal Code, if the defendant committed the offense with the intent to violate or abuse the victim sexually;

(iv) under Section 30.02, Penal Code, punishable under Subsection (d) of that section, if the defendant committed the offense with the intent to commit a felony described by Subparagraph (ii) or (iii); or

(v) *under the laws of another state containing elements that are substantially similar to the elements of an offense listed in Subparagraph (i), (ii), (iii), or (iv).*

2003 Penal Code § 12.42(c)(2), *supra* note 3 (emphasis added). The offenses listed in 2003 Penal Code section 12.42(c)(2)(B)(i), (ii), (iii), and (iv) are:

(i) sexual performance by a child (Penal Code section 43.25) and possession or promotion of child pornography (Penal Code section 43.26);

(ii) harassment by persons in certain correctional facilities; harassment of public servant (Penal Code section 22.11), sexual assault (Penal Code section 22.011), and prohibited sexual conduct (Penal Code section 25.02);

(iii) aggravated kidnapping (Penal Code section 20.04(a)(4)); and

(iv) burglary (Penal Code section 30.04(a)(4)).

Appellant was previously convicted under the following California statute for sexual battery:

Any person who touches an intimate part of another person while that person is unlawfully restrained by the accused or an accomplice, and if the touching is against the will of the person touched and is for the purpose of sexual arousal, sexual gratification, or sexual abuse, is guilty of sexual battery.

CAL.PENAL CODE § 243.4(a) (West 2008). An "intimate part" means the "sexual organ, anus, groin, or buttock of any person, and the breast of a female." CAL.PENAL CODE § 243.4(g) (West 2008). The California statute goes on to state that sexual battery "does not include the crimes defined in Section 261 or 289" of the California Penal Code. CAL.PENAL CODE § 243.4(g)(2) (West 2008) (referring respectively to "rape" or "forcible acts of sexual penetration; punishment"). The question, therefore, is whether the California sexual battery statute contains elements substantially similar to one of the Texas offenses described above.

The Court of Criminal Appeals has held the elements of another state's law to be substantially similar to the elements of an offense listed in section 12.42(c)(2)(B)(i)-(iv) when the elements of the other State's law parallel the elements of a single Texas offense. In *Ex parte White,* the court held that elements of Delaware's statute against unlawful sexual contact in the sec-

ond degree were substantially similar to the elements of the Texas offense of indecency with a child. *Ex parte White,* 211 S.W.3d 316, 318 (Tex.Crim.App.2007). The Delaware statute defined "a person as guilty of unlawful sexual contact in the second degree 'when he intentionally has sexual contact with another person who is less than 16 years of age or causes the victim to have sexual contact with him or a third person.' " *Id.* (citing DEL.CODE ANN. tit. 11, § 768 (LexisNexis 2007)). The Texas statute provides that "[a] person commits an offense if, with a child younger than 17 years and not the person's spouse, whether the child is of the same or opposite sex, the person: (1) engages in sexual contact with the child or causes the child to engage in sexual contact." *Id.* (citing TEX. PENAL CODE ANN. § 21.11(a)(1) (Vernon 2003)). The Court of Criminal Appeals did not emphasize the point, but it is significant that a person guilty of the Delaware law would also be guilty under the Texas law. In *Garland v. State,* the Court of Criminal Appeals affirmed a plea bargain in which the defendant entered a plea of nolo contendere to the sexual assault of a child with an enhancement provision containing the admission that defendant had previously been convicted of rape in Louisiana, an offense whose elements are substantially similar to the elements of sexual assault. *Garland v. State,* 170 S.W.3d 107, 107–08 & n. 1 (Tex.Crim.App.2005). *See also Griffith v. State,* 81 S.W.3d 510, 514 (Tex.App.–Houston [1st Dist.] 2002), *aff'd,* 116 S.W.3d 782 (Tex.Crim.App.2003) (explaining that former offense of rape is precursor to present offense of sexual assault).

Appellant complains that the California statute permits prosecution for unlawfully restraining a person and touching the person's buttocks for purpose of sexual arousal, something that is not substantially similar to an offense listed in 2003 Penal Code section 12.42(c)(2). The State argues that the California sexual battery statute is substantially similar to the elements contained in *two* Texas offenses listed in 2003 Penal Code § 12.42(c)(2), Penal Code sections 22.011(a)(1), the sexual assault statute, and 20.04(a)(4) (aggravated kidnapping):

*Sexual Assault:*

(a) A person commits an offense if the person:

(1) intentionally or knowingly:

(A) causes the penetration of the anus or sexual organ of another person by any means, without that person's consent;

(B) causes the penetration of the mouth of another person by the sexual organ of the actor, without that person's consent; or

(C) causes the sexual organ of another person, without that person's consent, to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor....

TEX. PENAL CODE ANN. § 22.011(a)(1) (Vernon Supp.2008).

*Aggravated kidnapping:*

(a) A person commits an offense if he intentionally or knowingly abducts another person with the intent to:

. . .

(4) inflict bodily injury on him or violate or abuse him sexually....

TEX. PENAL CODE ANN. § 22.04(a)(4) (Vernon 2003).

The problem with the State's argument is that it combines the elements from more than one of the offenses listed in 2003 Penal Code section 12.42(c)(2) to create a substantial similarity between Texas and California law. The plain wording of 2003 Penal Code section 12.42(c)(2)(B)(v), how-

ever, requires that the California statute contain elements that are substantially similar to the elements of *an* offense listed in subparagraph (i), (ii), (iii), or (iv), not contain elements that are substantially similar to the elements of *multiple* offenses listed in subparagraph (i), (ii), (iii), or (iv). *See generally Griffith v. State,* 116 S.W.3d 782, 785 (Tex.Crim.App.2003), *Boykin v. State,* 818 S.W.2d 782, 785 (Tex. Crim.App.1991) (courts must review unambiguous statute literally, unless doing so would lead to absurd result that legislature could not possibly have intended).

Penal Code section 22.011(a)(1), on which the State primarily relies, requires that the actor (1) penetrate the anus or sexual organ of another person, (2) penetrate the mouth of another person with the actor's sexual organ, or (3) cause the sexual organ of another person to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor. California Penal Code section 243.4(a), sexual battery, prohibits mere "touching" of (1) the sexual organ, anus, groin, or buttock of any person, or (2) the breast of a female. The California sexual battery offense addresses less offensive conduct that the Texas sexual assault offense, and the punishment for the California sexual battery offense is significantly less severe.[4] We hold that the California sexual battery offense does not contain elements substantially similar to one of the Texas offenses listed in 12.42(c)(2)(B)(i), (ii), (iii), and (iv). The trial court, therefore, erred in submitting the enhancement paragraph in the charge over appellant's objection. We further hold that appellant suffered some harm from the erroneous charge because that charge provided for a mandatory life sentence, as opposed to allowing the jury

to assess punishment for a first degree felony (five years to life imprisonment). TEX. PENAL CODE ANN. § 12.32 (Vernon 2003) (punishment for first degree felony); *see Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1984) (test for charge error). Accordingly, we sustain point of error one. Because of our disposition of point of error one, we do not reach points of error two and three, which also address alleged error at the punishment phase.

### Compelling-prostitution conviction

■ In point of error one of the compelling-prostitution conviction, appellant argues the trial court erred in overruling his objection to the State's punishment argument regarding the application of the parole law. Appellant's objection, however, was to the State's argument regarding the effect of the parole law on his conviction for sexual assault of a child. Appellant did not object to the State's punishment argument regarding the application of the parole law for compelling prostitution. We hold that appellant has waived this point. *See* TEX.R.APP. P. 33.1(a); *Cockrell v. State,* 933 S.W.2d 73, 89 (Tex.Crim.App.1996).

In point of error two of the compelling-prostitution conviction, appellant contends the State made an improper punishment argument when the prosecutor stated the following:

The fact of the matter is I didn't really want to come to work today. I didn't want to come to work because I didn't want to have to deal with this filth. I'm tired of it. It's disgusting. I didn't want to deal with—

Appellant specifically objected that the prosecutor was injecting personal opinions.

---

**4.** "A violation of this subdivision is punishable by imprisonment in a county jail for not more than one year, and by a fine not exceeding two thousand dollars ($2,000); or by im- prisonment in the state prison for two, three, or four years, and by a fine not exceeding ten thousand dollars ($10,000)." CAL.PENAL CODE § 243.4(a) (West 2008).

To be permissible, the State's jury argument must fall within one of the following four general areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; or (4) plea for law enforcement. *Felder v. State,* 848 S.W.2d 85, 94–95 (Tex.Crim.App.1992). We agree with appellant that the prosecutor's statements about her personal feelings and beliefs do not fall within one of the permissible areas of jury argument. We cannot conclude, however, that the statements affected a substantial right of appellant's. *See* TEX.R.APP. P. 44.2(b); *Martinez v. State,* 17 S.W.3d 677, 692–93 (Tex.Crim.App.2000) (holding improper argument concerning matters outside record is nonconstitutional error). A substantial right is affected when the error had a substantial and injurious effect or influence on the jury's verdict. *King v. State,* 953 S.W.2d 266, 271 (Tex.Crim.App.1997). We look to three factors in applying Texas Rule of Appellate Procedure 44.2(b) to a case involving improper argument: (1) the severity of the State's misconduct (the magnitude of the prejudicial effect of the prosecutor's remarks); (2) measures adopted to cure the misconduct (the efficacy of any cautionary instruction by the trial court); and (3) the certainty of conviction absent the misconduct (the strength of the evidence supporting the evidence). *See Mosley v. State,* 983 S.W.2d 249, 259 (Tex.Crim.App.1998) (discussing harm analysis under TEX.R.APP. P. 44.2(b)).

First, the State's misconduct was minor. The prosecutor's statements were not specifically directed at appellant, but were instead a comment on the case generally. The prosecutor did not offer her opinion on whether the appellant was guilty, whether the State had proved a necessary fact, or whether a particular witness was telling the truth. Instead, the prosecutor was generally commenting on the unpleasant nature of the case, something that was obvious to the jury. Had the prosecutor made her statements in the third person, there would be no error. Second, the trial court adopted no measures to cure the misconduct, as appellant's objection was overruled. Third, the strength of the evidence supporting appellant's guilt was high, so the misconduct did not affect the jury's finding that appellant was guilty. While the prosecutor should not have made direct statements of personal opinion, we hold that the argument did not have a substantial and injurious effect or influence on the jury's verdict and was, therefore, harmless.

We overrule point of error two.

## Conclusion

We affirm the judgment in the compelling-prostitution case (trial court case number 1052194; appellate court case number 01–06–00749–CR). We reverse the judgment in the sexual-assault-of-a-child case (trial court case number 1045916; appellate court case number 01–06–00750–CR) and remand that case to the trial court for further proceedings regarding punishment. *See* TEX.CODE CRIM. PROC. ANN. art. 44.29(b) (Vernon Supp.2008).

Justice KEYES dissenting in appellate court case number 01–06–00750–CR.

EVELYN V. KEYES, Justice, dissenting.

I respectfully dissent from reversal of the judgment against appellant Gabriel Lemell Prudholm in his sexual-assault-of-a-child case.[1] *See* TEX. PENAL CODE ANN. § 22.011(a)(2)(C), (c)(1) (Vernon Supp.

---

1. Trial court case number 1045916; appellate court case number 01–06–00750–CR. I join in the Court's opinion and judgment in the companion case, 01–06–00749–CR.

2008) (sexual assault of a child). The jury found the enhancement paragraph in the charge, based on appellant's previous felony conviction in California for sexual battery,[2] to be true for purposes of assessing appellant's punishment for sexual assault of a child under the 2003 version of Texas's habitual sexual offender statute, section 12.42(c) of the Texas Penal Code,[3] and it accordingly assessed appellant's punishment at life in prison. The majority, however, reverses appellant's life sentence for sexual assault of a child on the ground that the California statute under which appellant was previously convicted was not substantially similar to the Texas law under which appellant was convicted, as required for enhancement of punishment in a sexual assault case by an out-of-state conviction. I disagree and would affirm.

With respect to his sexual-assault-of-a-child conviction and sentencing as an habitual sexual offender, appellant alleges— and the majority agrees—that the trial court erred in submitting an enhancement paragraph in the charge concerning the California offense of sexual battery because Texas law permits enhancement only by convictions for substantially similar offenses and the California offense is not substantially similar to only *one* of the offenses (i.e., "an" offense) listed in section 12.42(c)(2)(B)(i), (ii), (iii), or (iv) of the 2003 version of the Penal Code.[4]

The majority opines that the elements of the California sexual battery offense (CAL.PENAL CODE § 243.4 (West 2008) (forcing "an intimate part of another person while that person is unlawfully restrained by the accused or an accomplice," against the will of the person touched and for sexual arousal, gratification, or abuse) fall within *two* of the offenses listed in section 12.42(c)(2)(B)—sexual assault TEX. PENAL CODE ANN. § 22.011(a)(1) (intentionally or knowingly causing the penetration of the anus, or sexual organ, or mouth of another person without that person's consent or causing the sexual organ of another to penetrate the mouth, anus, or sexual organ of the actor and the person including the actor), listed in section 12.42(c)(2)(B)(ii)), and aggravated kidnapping (TEX. PENAL CODE ANN. § 20.04(a)(4) (intentionally or knowingly abducting another person with the intent, inter alia, to "violate or abuse him sexually"), listed in section 12.42(c)(2)(B)(iii)). Therefore, the enhancement requirements are not satisfied. *See* 2003 TEX. PENAL CODE ANN. § 12.42(c)(2)(B).

The majority points out that a conviction for sexual battery in California requires that the defendant have "touche[d] an intimate part of another person while that person is unlawfully restrained ... against the will of the person touched and ... for the purpose of sexual arousal," but that the California law does not include pen-

---

2. CAL.PENAL CODE § 243.4(a) (West 2008)

3. Act of May 30, 2003, 78th Leg., R.S., ch. 1005, § 2, sec. 12.42(c)(2)(A)(i), (B)(v), 2003 Tex. Gen. Laws 2944, 2944–45, *amended by* Act of May 15, 2007, 80th Leg., R.S., ch. 340, § 3, 2007 Tex. Gen. Laws 627, 628 and Act of May 18, 2007, 80th Leg., R.S., ch. 593, § 1.15, 2007 Tex. Gen. Laws 1120, 1126 (hereinafter referred to as 2003 TEX. PENAL CODE ANN.) (current version at TEX. PENAL CODE ANN. § 12.42(c)(2) (Vernon Supp.2008) (sexual assault of child; penalty with previous conviction of offense under laws of another state

containing elements that are substantially similar to elements of offense listed in § 12.42(c)(2)(B)(i), (ii), (iii), or (iv))).

4. *See* 2003 TEX. PENAL CODE ANN. § 12.42(c)(2)(B)(v) (mandating life imprisonment if defendant has previously been convicted "under the laws of another state containing elements that are substantially similar to the elements of an offense listed in Subparagraph (i), (ii), (iii), or (iv)" of section 12.42(c)(2)(B)).

etration as an element. CAL.PENAL CODE § 243.4(a). The Texas sexual assault statute requires, however, that the defendant "intentionally or knowingly" cause penetration without consent,[5] while the Texas aggravated kidnapping statute, as used for purposes of enhancement under section 12.42(c)(2)(B), requires that the defendant have "intentionally or knowingly" abducted another person with the intent to "violate or abuse him sexually." TEX. PENAL CODE ANN. § 20.04(a)(4).

The majority opines that "[t]he problem with the State's argument is that it combines the elements from more than one of the offenses listed in 2003 Penal Code section 12.42(c)(2) to create a substantial similarity between Texas and California law." *Prudholm v. State*, 274 S.W.3d 236, 240. Concluding that "[t]he plain wording of 2003 Penal Code section 12.42(c)(2)(B)(v), however, requires that the California statute contain elements that are substantially similar to the elements of *an* offense listed in subparagraph (i), (ii), (iii), or (iv)," the majority holds that the trial court erred in submitting the enhancement paragraph because the California sexual battery statute contains "elements that are substantially similar to the elements of *multiple* offense listed in subparagraph [12.42(c)(2)(B)](i), (ii), (iii), or (iv)."

The majority cites generally to *Griffith v. State*, 116 S.W.3d 782, 785 (Tex.Crim. App.2003) and *Boykin v. State*, 818 S.W.2d 782, 785 (Tex.Crim.App.1991) for support, noting parenthetically that Texas law requires that "we review an unambiguous statute literally, unless doing so would lead to [an] absurd result that [the] legislature could not possibly have intended." *Prudholm*, 274 S.W.3d at 241. I disagree both with the majority's conclusion and with its

contention that *Griffith* supports its interpretation of section 12.42(c)(2)(B).

First, I see no significant distinction between the elements of sexual battery under California law and aggravated kidnapping under Texas law. I would conclude, therefore, that appellant's conviction under California law is directly parallel to a conviction under Texas Penal Code section 22.04(a)(4), which is *one* of the offenses listed in section 12.42(c)(2)(B). Second, to exclude a defendant's conviction under an out-of-state law that parallels more than one Texas offense listed in section 12.42(c)(2)(B)(i)-(iv), rather than one and one only, is, to my mind, absurd and contrary to the purpose of the statute.

In *Griffith*, relied upon by the majority, the Texas Court of Criminal Appeals was faced with a similar circumstance in that the defendant's punishment was enhanced pursuant to section 12.42(c)(2) with offenses that were not named in the statute. The defendant argued that his sentence could not be enhanced by violations of repealed Texas statutes that were not listed in section 12.42(c)(2). *Griffith*, 116 S.W.3d 782, 784 & n. 3 (Tex.Crim.App. 2003). The court observed, "The literal language of Section 12.42(c)(2) is clear and straightforward: conviction of one of four violent sexual offenses carries a mandatory punishment of confinement for life if the defendant has previously been convicted of one of eight enumerated offenses, or an offense from another state containing elements substantially similar to the enumerated offenses." *Id.* at 786. The court further pointed out, however, that "[t]he statute also makes clear the legislature's intent to treat repeat sex offenders more harshly than other repeat or habitual offenders," effectively creating "a two-strikes policy for repeat sex offenders in Texas." *Id.* The court found the appel-

---

5. *See* TEX. PENAL CODE ANN. § 22.011(a)(1)

lant's proposed *literal* interpretation of section 12.42(c)(2) absurd—contrary to the spirit of the majority's citation to *Griffith*—because "[t]he literal language of the provision dictates that defendants convicted of a prior rape or aggravated rape avoid an automatic life sentence simply because they committed the crime when it was titled differently in the Penal Code." *Id.* The Court of Criminal Appeals held that such a literal interpretation of the provision would lead to the disparate treatment of sexual offenders. *Id.* Specifically, it held "[U]nder the construction proposed by the appellant, prior convictions for rape and aggravated rape from any other state could be used to enhance a later offense, but prior convictions for rape and aggravated rape from Texas could not be used." *Id.* The court found such a reading to be "contrary to the Legislature's intent" and to produce "an absurd result." *Id.*

In my view, reading the word "an" literally to exclude enhancement by a defendant's prior conviction for an out-of-state crime that parallels the elements of *more than one* Texas statute listed in section 12.42(c)(2)(B)—one of them a statute whose elements directly parallel the out-of-state statute—has the same absurd result of preventing the imposition of a mandatory life sentence on a repeat sex offender as the suggested literal interpretation of section 12.42(c)(2)(B) in *Griffith.* *See id.* And, as in *Griffith*, such a literal interpretation of the statute leads to the disparate treatment of offenders convicted of offenses with substantially similar elements.

I would affirm the judgment in appellant's sexual-assault-of-a-child case (trial court cause number 1045916; appellate court cause number 01–06–00750–CR).