NO. 07-09-0032-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 14, 2009
_____

In the Interest of A.S., A Child
_____

FROM THE 53RD DISTRICT COURT OF TRAVIS COUNTY;

NO. D-1-FM-04-008035; HON. LORA LIVINGSTON, PRESIDING
_____

***Opinion***
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Andrea Hayes (Hayes), the mother of A.S., appeals from an order of the trial court restricting the geographic location of the child's primary residence. She contends that the order 1) violates the Family Code, 2) violates her constitutional right to travel, 3) violates her constitutional right to raise her child as she sees fit, and 4) fails to protect her safety and well being as a victim of family violence. We affirm.

*Background*

Hayes moved to Austin, Texas from Kansas City, Missouri in 2001 to attend college. There she met Christopher Sosa (Sosa), and the two decided to live together in December of 2001. During that period, Hayes fell victim to physical abuse committed by Sosa. The

record discloses that his aggression against Hayes resulted in one or more criminal convictions. Eventually, Hayes left him but not before giving birth to A.S.

Upon initiating suit to determine issues of custody and the like, Hayes was designated the child's sole managing conservator. However, the trial court restricted her ability to choose the boy's residence to locales anywhere within Travis County and those counties "contiguous" to it. The limitation was imposed to afford Sosa, who was appointed possessory conservator, opportunity to see his son. That limitation forms the basis of the dispute before us because Hayes hoped to move back home to Kansas City, Missouri.

*Issue 1 - Statutory Violation*

Via her first issue, Hayes asserts that the trial court could not lawfully impose the aforementioned restriction because it had appointed her sole managing conservator and, as such, she had the exclusive authority to select the child's primary residence. We overrule the issue.

It is true, as Hayes suggests, that the legislature specified that a trial court could geographically restrict a child's residence when his parents act as *joint managing conservators*. TEX. FAM. CODE ANN. §153.134(b)(1)(A) (Vernon Supp. 2009). Yet, we are cited to no statute that expressly denies like authority to a trial judge when a particular parent is awarded the status of sole managing conservator. Nor did our own research uncover any. Indeed, not even §153.132(1) of the Family Code can be read to do so despite providing that a sole managing conservator has the exclusive right to "designate the primary residence of the child." *Id.* §153.132(1) (Vernon 2008). This is because that statute contains the preface "[u]nless limited by court order." *Id.* And, by including that

2

phrase in §153.132, the legislature made it clear that the itemized rights were not absolute but rather subject to limitation.

Other provisions of the Family Code also guide our resolution of the point. The first is that declaring the State's public policy. Via §153.001, the legislature said that:

> [t]he public policy of this state is to:
>
> (1) assure that children will have frequent and continuing contact with parents who have shown the ability to act in the best interest of the child;
> (2) provide a safe, stable, and nonviolent environment for the child; and
> (3) encourage parents to share in the rights and duties of raising their child after the parents have separated or dissolved their marriage.

*Id.* §153.001(a).

Another reads:

> [t]he best interest of the child shall always be the primary consideration of the court in determining the issues of conservatorship and possession of and access to the child.

*Id.* §153.002.

That the desire of a sole managing conservator to move away from Texas may affect "issues of . . . access" is beyond question. So too does it implicate public policy seeking to "assure that children . . . have frequent and continuing contact with parents . . ." and "encourag[ing] parents to share in the rights and duties of raising their child after . . . [they] have separated or . . ." divorced. Indeed, it was the former that led the court in *Sanchez v. Sanchez,* No. 04-06-0469-CV, 2007 Tex. App. Lexis 5166 (Tex. App.–San Antonio July 3, 2007, pet. denied) to recognize that residency restrictions may be imposed upon a sole managing conservator if warranted by the child's best interests. *Id.* at *8. Given the

3

preface to §153.132, the State's public policy, and the need to protect the child's best interests, we see no reason to deviate from *Sanchez* and, therefore, disagree with Hayes.

*Issues Two and Three – Constitutional Violation*

In her next two issues, Hayes asserts that the geographic restriction at bar violated her constitutional rights. However, these contentions were not raised below. Thus, the issues were waived and are overruled. *See Morgan v. Morgan,* 254 S.W.3d 485, 490 n.1 (Tex. App.–Beaumont 2008, no pet.) (stating that constitutional claims in family law cases must be preserved); *Hollifield v. Hollifield,* 925 S.W.2d 153, 156-57 (Tex. App.–Austin 1996, no writ) (stating that the failure to apprise the court of an equal protection argument waived the issue on appeal).

*Issue Four – Protective Order*

Finally, Hayes asserts that the trial court failed to abide by §153.004(d)(2) of the Family Code and rendered a possession order protecting her safety and well being given her status as a victim of family violence. We overrule the issue.

The record currently before us fails to reveal that the purported omission was brought to the trial court's attention as required by Texas Rule of Appellate Procedure 33.1(a)(1). This is of particular importance since the trial judge afforded both litigants opportunity to comment about her decision before recessing. So too was the judge under the belief (as evinced by her own utterance to both counsel at trial) that no motions for a protective order were pending. Despite these circumstances, Hayes did not mention §153.004(d)(2) to the trial court. Nor did she allude to the need to enter a protective order of the type encompassed by §153.004(d)(2). Because Hayes remained silent when given

4

the chance to say something about the relief now sought, we conclude that this issue was waived as well.

In sum, the record contains some sad occurrences, many of which happened in the presence of A.S. Indeed, Sosa admitted at trial to being physically abusive. Other testimony not only bore this out but also indicated that his unacceptable behavior has befallen one or more women after Hayes left. Yet, on appeal, he attempts to minimize his conduct. That is hardly the type of role model to which A.S. should be exposed. Abusing one's spouse or partner is simply wrong. Nonetheless, we cannot say that the trial court abused its discretion in entering the orders that it did, and because it did not, we must stay our hand.

Accordingly, the order of the trial court is affirmed.


Brian Quinn
Chief Justice