TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN




NO. 03-09-00394-CV




Texas Department of Public Safety, Appellant

v.

Josue Garcia, Appellee




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT
NO. D-1-GN-09-000421, HONORABLE DERWOOD JOHNSON, JUDGE PRESIDING


 
OP I N I O N


                        Appellant Texas Department of Public Safety appeals from a district court order in
favor of Josue Garcia reversing the Department’s determination that Garcia was required to register
as a sex offender for life pursuant to the Texas Sex Offender Registration Act (SORA). See
generally Tex. Code Crim. Proc. Ann. arts. 62.001-.408 (West 2006 & West Supp. 2010). In
two issues, the Department complains that the district court erred (i) in determining that the Oregon
statute under which Garcia was convicted is not substantially similar to a SORA offense and (ii) in
considering the individual facts and circumstances of Garcia’s conviction in its determination. For
the reasons that follow, we affirm the district court’s order.

FACTUAL AND PROCEDURAL BACKGROUND

                        In 2005, appellee Josue Garcia, who was 21 years old at the time, was charged with
the offense of contributing to the sexual delinquency of a minor in Oregon. See Or. Rev. Stat.
§ 163.435 (2010). Under the Oregon statute, the age of consent is 18. Id. Garcia contends, and the
Department does not dispute, that the victim was Garcia’s 17-year-old girlfriend and that the act
forming the basis of the charge was consensual. Garcia pleaded guilty and was sentenced to
36 months probation. His probation was subsequently revoked, and he was sentenced to 180 days
in jail with credit for time served.
                        In 2007, Garcia moved to Texas. Soon thereafter, the Department determined that
Garcia was required to register as a sex offender annually for his lifetime based on the Department’s
previous determination, pursuant to its statutory duty under articles 62.001 and 62.003 of the Texas
Code of Criminal Procedure, that the elements of the Oregon statute under which Garcia was
convicted are “substantially similar” to those of an offense identified as reportable under SORA. 
See id.; Tex. Code Crim. Proc. Ann. arts. 62.001(5)(H) (West Supp. 2010), 62.003 (West 2006);
see also Tex. Code Crim. Proc. Ann. art. 62.101 (West 2006) (lifetime registration unless exception
applies). Pursuant to articles 62.004 and 62.053 of the code of criminal procedure, the Department
then provided Garcia with notice of the requirement to register. See Tex. Code Crim. Proc. Ann.
arts. 62.004, .053 (West Supp. 2010).
                        In 2009, Garcia appealed the Department’s determination to the Travis County district
court pursuant to article 62.003(c) of the code of criminal procedure. See id. art. 62.003(c). In his
appeal, Garcia argued that the elements of the Oregon statute under which he was convicted are not
substantially similar to the elements of section 22.011 of the Texas Penal Code and asked the district
court to find that his prior conviction did not constitute a reportable conviction for purposes of
sex offender registration under article 62.001(5)(H) of the code of criminal procedure. See id. art.
62.001(5)(H); Or. Rev. Stat. § 163.435; Tex. Penal Code Ann. § 22.011 (West Supp. 2010).
                        At a hearing, the district court heard argument of counsel and considered Garcia’s
evidence, which consisted of a copy of the Department’s sex offender registry entry for Garcia,
section 163.435 of the Oregon Revised Statutes, and section 22.011 of the Texas Penal Code. The
Department offered no evidence. Following the hearing, the district court entered an order finding
that Garcia’s conviction under section 163.435 of the Oregon Revised Statutes is not a reportable
conviction or adjudication under article 62.001(5)(H) of the Texas Code of Criminal Procedure in
that it is not substantially similar to Texas Penal Code section 22.011. The court then ordered that
Garcia’s conviction under Oregon Revised Statutes section 163.435 is not substantially similar to
an offense under section 22.011 of the Texas Penal Code, that Garcia be relieved of the duty to
register as a sex offender in Texas, and that the Department remove Garcia from its sex offender
registry. This appeal followed.

ANALYSIS

                        In two issues, the Department complains that the district court erred (i) in determining
that an offense under section 163.435 of the Oregon Revised Statutes is not substantially similar to
an offense identified in SORA and (ii) in considering facts and circumstances of Garcia’s conviction. 
Because the Department complains that the district court erred in applying provisions of the code
of criminal procedure, its issues involve matters of statutory construction, which we review de novo. 
See Texas Mun. Power Agency v. Public Util. Comm’n, 253 S.W.3d 184, 192 (Tex. 2007). Our
primary objective is to give effect to the legislature’s intent as expressed in the statute’s language. 
See Tex. Gov’t Code Ann. § 312.005 (West 2005); Galbraith Eng’g Consultants, Inc. v. Pochucha,
290 S.W.3d 863, 867 (Tex. 2009). We rely on the plain meaning of the text unless a different
meaning is supplied by legislative definition or is apparent from the context, or the plain meaning
leads to absurd results. See City of Rockwall v. Hughes, 246 S.W.3d 621, 625-26 (Tex. 2008). We
determine legislative intent from the entire act, not from isolated portions. 20801, Inc. v. Parker,
249 S.W.3d 392, 396 (Tex. 2008). We also presume that the legislature intended a just and
reasonable result, see Tex. Gov’t Code Ann. § 311.021(3) (West 2005); Presidio Indep. Sch. Dist.
v. Scott, 309 S.W.3d 927, 930 (Tex. 2010), and we consider the consequences of a particular
construction. See Tex. Gov’t Code Ann. § 311.023(5) (West 2005); Lexington Ins. Co. v. Strayhorn,
209 S.W.3d 83, 88 (Tex. 2006).

The Texas Sex Offender Registration Act

                        The Texas Legislature enacted SORA in 1991, requiring persons convicted of certain 
“reportable” sex offenses to register with the local law enforcement authorities in the municipalities
in which they reside. See Sex Offender Registration Act, 72d Leg., R.S., ch. 572, § 1, 1991 Tex.
Gen. Laws 2029 (current version at Tex. Code Crim. Proc. Ann. arts. 62.001-.408). The offense of
sexual assault under section 22.011 of the penal code is listed in SORA as a reportable offense. See
Tex. Code Crim. Proc. Ann. art. 62.001(5)(A); Tex. Penal Code Ann. § 22.011. In 1995, the
legislature amended the definition of reportable offenses to include convictions “under the laws of
another state for an offense containing elements that are substantially similar to the elements of an
offense listed” in SORA as reportable. Act of May 19, 1995, 74th Leg., R.S., ch. 258, § 2, 1995 Tex.
Gen. Laws 2197, 2197 (current version at Tex. Code Crim. Proc. Ann. art. 62.001(5)(H)). The
statute does not define “substantially similar.” See Tex. Code Crim. Proc. Ann. art. 62.001. The
Department is responsible for determining whether the elements of an out-of-state offense are
substantially similar to the elements of a reportable SORA offense. See id. art. 62.003(a). Appeals
of the Department’s determinations must be brought in district court in Travis County. Id. art.
62.003(c). As a matter of first impression, we consider whether section 163.435 of the Oregon
Revised Statutes is substantially similar to an offense listed as reportable in SORA, pursuant to
article 62.001(5)(H) of the Texas Code of Criminal Procedure, and whether the Department and
reviewing courts may consider the facts and circumstances of the offender’s prior conviction in
determining substantial similarity.
Substantial Similarity

                        In its first issue, the Department contends that the elements of the Oregon statute
under which Garcia was convicted are substantially similar to the elements of two SORA offenses,
sexual assault under section 22.011 of the penal code and sexual performance by a child under
section 43.25 of the penal code. See Or. Rev. Stat. § 163.435; Tex. Penal Code Ann. § 22.011,
§ 43.25 (West Supp. 2010). The record shows, however, that Garcia appealed only the Department’s
determination of substantial similarity between the Oregon statute and section 22.011 of the Texas
Penal Code and the Department defended that determination only. The Department offered no
evidence of any determination it made of substantial similarity between the Oregon statute and either
section 22.011 or section 43.25 of the penal code. The Department’s notice to Garcia does not
identify the offense or offenses for which Garcia is required to register; in fact, the space in the
notice for stating the “Registering Offense (Penal Code)” is blank. Thus, the record shows that
section 22.011 of the penal code was the only Texas statute contained in the pleadings, offered into
evidence, addressed by either party at the hearing, or ruled on by the district court.
                        The Department argues that its assertion on appeal that the Oregon statute is similar
to a second SORA offense is not a new argument but an additional example of the same legal theory. 
We disagree. The district court did not consider or make a determination regarding substantial
similarity between the Oregon statute in issue and section 43.25 of the Texas Penal Code, and
we cannot reverse the district court on an issue not brought before it. The Department has
waived the argument that section 163.435 of the Revised Oregon Statutes is substantially similar
to section 43.25 of the penal code by not raising it in the district court. See Dreyer v. Greene,
871 S.W.2d 697, 698 (Tex. 1993) (“As a rule, a claim . . . must have been asserted in the trial court
in order to be raised on appeal.”); see also Tex. R. App. P. 33.1; In re A.S., 298 S.W.3d 834, 836-37
(Tex. App.—Amarillo 2009, no pet.) (party waived reliance on additional provision of family code
by not mentioning provision to trial court).
                         We turn, then, to the Department’s contention that the trial court erred in finding that 
the Oregon statute under which Garcia was convicted is not substantially similar to section 22.011
of the Texas Penal Code. Section 163.435 of the Oregon Revised Statutes provides in relevant
part as follows:
 
(1) A person 18 years of age or older commits the crime of contributing to the sexual
delinquency of a minor if:
 
(a) Being a male, he engages in sexual intercourse with a female under 18
years of age.


Or. Rev. Stat. § 163.435.




                        Section 22.011 of the Texas Penal Code provides in relevant part as follows:
 
(a) A person commits an offense if the person:
 
. . . .
 
(2) intentionally or knowingly:
 
(A) causes the penetration of the anus or sexual organ of a child by
any means;
 
(B) causes the penetration of the mouth of a child by the sexual
organ of the actor;
 
(C) causes the sexual organ of a child to contact or penetrate the
mouth, anus, or sexual organ of another person, including the
actor;
 
(D) causes the anus of a child to contact the mouth, anus, or sexual
organ of another person, including the actor; or
 
                                    (E) causes the mouth of a child to contact the anus
or sexual organ of another person, including the
actor.
 
. . . .
 
(c) In this section:
 
(1) “Child” means a person younger than 17 years of age.


Tex. Penal Code Ann. § 22.011.

                        In asserting that the Oregon crime is not sufficiently like the Texas crime of sexual
assault to meet the “substantial similarity” inquiry, Garcia focuses on the maximum victim age
designations in the two offenses. While the Oregon offense criminalizes sexual conduct with
persons under the age of 18, the Texas provision applies only to sexual conduct with persons under
the age of 17. See Or. Rev. Stat. § 163.435(1)(a); Tex. Penal Code Ann. § 22.011(c)(1). Thus, it is
possible to violate the Oregon statute with a person less than 18 years of age without violating the
Texas statute. Garcia argues that, because the crime he was convicted of in Oregon would not have
been a crime in Texas, the Oregon offense does not contain elements that are substantially similar
to a Texas “offense” under article 62.001(5)(H) of the code of criminal procedure. See Or. Rev. Stat.
§ 163.435(1)(a); Tex. Penal Code Ann. § 22.011(c)(1); Tex. Code Crim. Proc. Ann. § 62.001(5)(H).
                        In support of this argument, Garcia cites cases interpreting section 12.42 of the Texas
Penal Code, which contains language parallel to that in article 62.001(5)(H) of the code of criminal
procedure. See Tex. Penal Code Ann. § 12.42 (West Supp. 2010). Section 12.42(c)(2)(B)(v)
provides for enhanced sentencing if a defendant has previously been convicted of a crime “under the
laws of another state containing elements that are substantially similar to the elements of” certain
listed offenses. See id. § 12.42(c)(2)(B)(v). In particular, Garcia relies on language in Prudholm
v. State, 274 S.W.3d 236 (Tex. App.—Houston [1st Dist.] 2008, pet. ref’d). In Prudholm, the court
of appeals commented on Ex parte White, 211 S.W.3d 316, 318 (Tex. Crim. App. 2007), in which
the court of criminal appeals held that elements of a Delaware statute were substantially similar to
a Texas statute. Prudholm, 274 S.W.3d at 240. The Prudholm court observed that, although “[t]he
Court of Criminal Appeals did not emphasize the point, . . . it is significant that a person guilty of
the Delaware law would also be guilty under the Texas law.” Id. Applying this reasoning to the
facts of his conviction, Garcia contends that because he could not have been prosecuted in Texas,
the two offenses are not substantially similar.
                        The Department contends that its statutory duty is to look only to the elements of the
offenses and that, based strictly on the elements of each offense, the Oregon offense in issue is
substantially similar to the Texas crime of sexual assault under section 22.011 of the penal code.
Although acknowledging that the Oregon statute includes 17-year-old victims while the Texas statute
does not, the Department argues that both statutes identify victims up to 16 years of age, making
them substantially similar. The Department also argues that section 12.42 of the penal code is
criminal and punitive in nature, while SORA is intended to accomplish the goals of notification and
protection of the public, and that consequently the rationales and holdings of the cases applying
section 12.42 are inapplicable. The Department further contends that SORA does not authorize an
appeal to challenge the appropriateness of a determination of substantial similarity on a case by case
basis and that this Court must look only to the elements of each law without considering the facts
and circumstances of Garcia’s conviction.
                        We are not fully persuaded by the reasoning of either party. While we agree with the
Department that the cases interpreting penal code section 12.42 are not controlling, we find the
language in Prudholm instructive. Reaching the inverse of the Prudholm court’s conclusion, we find
it significant that a person guilty of section 163.435 of the Oregon Revised Statutes may not be guilty
under section 22.011 of the Texas Penal Code.


 See id.; Or. Rev. Stat. § 163.435; Tex. Penal Code
§ 22.011. Thus, we cannot agree with the Department that its inquiry, and ours, are limited to the
elements of the offenses as set forth in the statutes and that neither the Department nor we can
consider the facts and circumstances of Garcia’s foreign conviction. On the other hand,
although we agree with Garcia that the facts and circumstances of his conviction should be
considered, we do not believe that such an inquiry is called for in all cases involving a conviction
under section 163.435 of the Oregon Revised Statutes.
                        To construe the relevant provisions of the code of criminal procedure to require a
person whose conduct does not constitute criminal behavior in this state to register as a sex offender
for life would yield an unjust and unreasonable result—one we presume the legislature did not
intend. See Hernandez v. Ebrom, 289 S.W.3d 316, 321 (Tex. 2009) (citing Tex. Gov’t Code Ann.
§ 311.021(3)). We may not subject a citizen to an interpretation that would yield that result until the
legislature has spoken with a clear voice. Rather, presuming that a just and reasonable result is
intended, see Tex. Gov’t Code Ann. §311.021(3); Presidio Indep. Sch. Dist., 309 S.W.3d at 930, and
considering the consequences of the Department’s construction, see Tex. Gov’t Code Ann.
§ 311.023(5); Lexington, 209 S.W.3d at 88, we conclude that the “substantially similar” test in
article 62.001(5)(H) of the code of criminal procedure requires registration whenever an individual
is convicted of criminal conduct in a foreign jurisdiction that, if committed in Texas, would have
amounted to a registerable “offense.”
                        This construction necessarily requires that the Department compare the elements of
the out-of-state offense with the analogous Texas offense to identify points of overlap. When the
Department finds that the offenses cover the same conduct, the analysis need proceed no further
because it will be evident that the foreign conviction is substantially similar to the Texas offense for
SORA purposes. However, in circumstances in which the offenses overlap but the foreign offense
also criminalizes conduct that is not covered under the Texas offense, the Department must review
the conduct underlying the foreign conviction to determine if that conduct is, in fact, within the scope
of the Texas offense.


 If it is, then the foreign conviction is a registerable offense under SORA’s
substantially similar test.
                        In this case, comparison of the elements of the two offenses reveals that there is
significant overlap between the activity covered by the Oregon statute concerning contributing to the
sexual delinquency of a minor and the conduct that is criminalized in the analogous Texas offense. 
However, because the Oregon statute covers some activity—sexual conduct with persons
aged 17—not encompassed in the Texas offense, review of the conduct underlying Garcia’s Oregon
conviction is necessary. Here, it is undisputed that Garcia engaged in consensual sexual conduct
with his 17-year-old girlfriend and therefore engaged in conduct that was criminal under the Oregon
statute, but not under the Texas statute.


 Therefore, Garcia’s conviction is not a reportable or
registerable offense under SORA, and the district court did not err in finding that the Oregon and
Texas statutes are not substantially similar and in relieving Garcia of the duty to register. We
overrule the Department’s first issue.

Consideration of Facts Particular to Garcia’s Offense 

                        In its second issue, the Department complains that the district court erred when or to
the extent it considered the facts particular to Garcia’s offense. We find no evidence in the record,
and the Department cites none, showing that the district court took into account the facts and
circumstances of Garcia’s Oregon conviction. However, in light of our holding, even if the record
showed that the district court did consider the facts particular to Garcia’s offense, we would conclude
that it was not error to do so. We overrule the Department’s second issue.

CONCLUSION

                        Having overruled both of the Department’s issues, we affirm the order of the
district court.
 
 
                                                                        __________________________________________
                                                                        Jan P. Patterson, Justice
Before Justices Patterson, Puryear and Henson
Affirmed
Filed: December 7, 2010